CITIZENS' STREET RAILWAY CO. *v.* BURKE.

*(Jackson.* April 14, 1897.)

1. DAMAGES. *Special must be averred.*

Special damages, such as those resulting from the loss of contracts, cannot be proved or recovered in an action for personal injuries, unless the grounds for them are alleged in the declaration. (*Post, p. 652.*)

Cases cited and approved: Rose *v.* Perry, 8 Yer., 156; Eastham *v.* Crowder, 10 Hum., 194; Simpson *v.* Markwood, 6 Bax., 340; Fry *v.* McCord, 95 Tenn., 678.

2. EVIDENCE. *What jury should consider.*

A case must be determined upon the evidence given upon the trial, and not upon any knowledge or information any one or more of the jury may have as to the facts outside of the record, and the Court should so instruct the jury in clear and distinct terms, especially when a juror asks for instruction upon the point. (*Post, pp. 652, 653.*)

3. CHARGE OF COURT. *Failure to charge as to damages is error.*

The failure to charge on the subject of damages in an action for personal injuries is reversible error, although no request for instructions on that point was made. (*Post, pp. 653, 654.*)

Cases cited and approved; Foster *v.* Collins, 6 Heis., 2; Manier *v.* Smith, 7 Bax., 424; Allen *v.* State, 5 Yer., 453.

Cited and distinguished: Southerland *v.* Shelton, 12 Heis., 374; Mayor *v.* Bell, 12 Lea, 161; Maxwell *v.* Hill, 89 Tenn., 585; Telephone Co. *v.* Poston, 94 Tenn., 696.

FROM SHELBY.

Appeal in error from Circuit Court of Shelby County. L. H. ESTES, J.

TURLEY & WRIGHT for Street Railroad Co.

GEORGE B. CLEVELAND for Burke.

WILKES, J.   This is an action for damages for personal injuries.   There was a trial before a jury in the Court below and a verdict and judgment for $2,000, and defendants have appealed and assigned errors.

The plaintiff is an architect, living and having an office in Memphis, Tenn.   In passing to his office along Main Street, he came across a street car standing upon a track on Madison Street which came up to or very near to the foot crossing.   He passed behind this car, attempting to cross the street, when, just as he cleared the car, he was struck by a horse and buggy driven by the defendant, Frank Smith, superintendent of the railroad company, who was driving to where the car was standing, to repair the trolley wires, which had been broken at this point. The place where the break occurred was one of the most crowded points in the city, so far as passing was concerned, and it was necessary to make speedy repairs of the wires in order to avoid injuries to passers by.   Smith went to the place in his buggy to make the repairs.   There is some conflict of evidence as to how fast Smith was going when the plaintiff, stepping from behind the car, which had stopped, was run against by the horse.   The horse was immediately checked so that the buggy did not run over the plaintiff, who was knocked down and

severely injured.   The plaintiff was watching the car
when he attempted to cross, and also the repair
wagon, which was coming up on one side, and his
view of the other side, upon which the buggy was
coming, was cut off or obstructed.   It appears, also,
that plaintiff was a man of defective hearing and
could not have heard the approach of the buggy as
one of ordinary hearing might.

The plaintiff was allowed, over the objection of
defendant, to state that, in consequence of his inju-
ries, he lost several contracts into which he had
previously entered, stating the contracts, with whom
made, and amount expected to be realized from each.
The ground of objection is that the declaration does
not set out any special damages as arising out of
such contracts.   It is well settled that special dam-
ages cannot be recovered, unless the grounds for
them are alleged in the declaration.   *Rose* v. *Perry*,
8 Yerg., 506; *Eastham* v. *Crowder*, 10 Hum., 194;
*Simpson* v *Markwood*, 6 Bax., 340; *Fry* v. *McCord*,
11 Pickle, 678.   This assignment is well made.
We do not consider evidence as to the manner in
which the trolley wires were constructed as material,
and the assignment of error on this point is not
well made.

In the progress of the trial, a juror said to the
Court:  " Suppose a witness tells a thing, and a
juror happens to have personal knowledge of the
situation, and knows when a witness' testimony is
the truth and when it is not the truth, can we take

that into consideration?" The Court replied: "Well, that's just a mistake. I have charged you that way before. It don't make the rest of his testimony not the truth, but he is just mistaken as to that. It don't make what he tells as the truth not the truth. It is just a mistake." This language and instruction by the Court is assigned as error. It is impossible to tell from the language in the record what the Court referred to or what the juror had reference to. It is argued that some one of the jury, knowing the locality, was satisfied that as a physical fact, the statement of one of the witnesses could not be true. If the juror and trial Judge were alluding to such matters, the instruction was, in any view, incorrect, as it would be invading the province of the jury to tell them to consider any statement of a witness as a mistake and give full credence to the remainder of the testimony. But the matter is so obscure as to be erroneous, in any event. The jury should have been told that the case was to be tried upon the evidence given upon the trial, and not upon knowledge or information any one or more of their number might have outside of the record.

We think the instruction given upon the question of contributory negligence and the duty of the plaintiff to look and listen, was sufficiently full and definite, and there is no error upon these matters.

It is assigned as error that there is no charge upon the subject of damages. The Court told the

jury that before plaintiff could recover, he must show the negligence of defendant; that the collision and injury was caused by such negligence, and the extent of the injury, but he says nothing whatever about damages in any part of his charge.

The rule is well settled that when the charge upon any point is meager, but good so far as it goes, it will not be reversible error, unless the party injuriously affected requests further instructions. *Southerland* v. *Shelton*, 12 Heis., 374; *Mayor* v. *Bell*, 12 Lea, 161; *Maxwell* v. *Hill*, 5 Pickle, 585; *Telephone Co.* v. *Poston*, 10 Pickle, 696. It is equally well settled that when no charge whatever is given upon a vital question or issue in the case, it is reversible error. Thompson on Trials, Sec. 1472; *Knight* v. *Egerton*, 7 Exch., 407; *Foster* v. *Collins*, 6 Heis., 2; *Manier* v. *Smith*, 7 Bax., 424; *Allen* v. *The State*, 5 Yerg., 453. A charge in a suit for damages for personal injuries which omits entirely the subject of damages, and makes no allusion to it, is virtually no charge upon which a verdict and judgment can be based.

For the errors indicated, the judgment of the Court below must be reversed, and the cause remanded for a new trial. Appellee will pay costs of the appeal.