HIGH *v.* LENOW.

*(Jackson,* April Term, 1953.)

Opinion filed April 25, 1953.

JAMES H. HICKS, of Memphis, for petitioner.

METCALF, APPERSON & CRUMP and GEORGE W. GRIDER, all of Memphis, for respondent.

MR. JUSTICE BURNETT delivered the opinion of the Court.

The single question presented in this suit is whether in an action brought on a contract to recover unliquidated damages for breach thereof, the defeated party can complain that the jury rendered a verdict for a sum less than that required by the instructions of the court and less than the evidence warrants.

The suit was instituted by Lenow against High to recover damages for breach of an oral contract. The jury returned a verdict in favor of the plaintiff, fixing damages at $5,800. This was approved by the trial judge. On appeal the Court of Appeals reversed because "the verdict was a compromise". We granted certiorari and after argument have the case now for determination.

There was substantial evidence to support the following version of the facts. In March, 1950, the parties entered into an oral contract which substantially is as follows:

"That the plaintiff would locate a tract of land suitable to the defendant for building a subdivision, and the plaintiff was also to work out the construction finances, and permanent financing on the building of a group of houses on the land, and for the purchase of said land. The plaintiff was not to receive any cash consideration for the above acts, but for and in consideration of him (sic) performing these duties and acts, the defendant High gave the plaintiff the exclusive right as sole agent for the sale of all the houses built on this land, and for the sale of each house regardless of the sale price of the house, the plaintiff's commission on said sale was to be a flat price of $200.00 per house, which commission was considerably lower than the regular rate of 5% on the first $25,000.00."

The Court of Appeals found, and the record amply supports, that:

"Plaintiff located a tract that was suitable to the defendant and arranged for the financing as he had agreed to do. Accepting the benefit of these services, the defendant constructed 50 houses on the property which the plaintiff had secured; yet notwithstanding the plaintiff's performance, he told the plaintiff while construction was under way that he (defendant) was not going to let the plaintiff sell the houses. About the same time there appeared a newspaper advertisement to the effect that the defendant 'had placed these houses with a Mr. Becktold as his agent for the sale' of them. In any event, forty-nine of the houses

were sold on or before completion. These sales were effected by the defendant himself and by Becktold, who turned out to be one of defendant's salaried employees.''

After considering other matters the Court of Appeals continues thus:

''The principal contention is that the proceedings unmistakably manifest that the verdict was the result of a compromise. The argument is that in fixing the amount of the verdict the jury wholly disregarded the instruction of the Court on the measure of damages, in that the undisputed evidence shows that under the law as charged by the Court, the plaintiff, upon a verdict in his favor, would have been entitled to between $9300.00 and $9500.00 as damages, whereas the verdict was for but $5800.00. It is argued therefore that the inference of a compromise on the issue of liability is inevitable, especially when considered with the uncertainty manifested by the jury when on two different occasions prior to verdict they returned into Court and asked to be further instructed on the question of damages in case they should find for the plaintiff. Upon the other hand the plaintiff contends that since he is content with the verdict, the defendant cannot complain that the jury fixed the liability at an amount less than was required by the evidence and the instruction of the Court, because, it is insisted, he suffered no injury thereby. This is a misconception of the inherent nature of the question. The defendant's complaint is not that the plaintiff was entitled to more damages, but that the verdict on the issue of liability was a compromise. He points to the inadequacy of damages considered in the light of the undisputed evidence and the charge of the

Court as being proof that the result unfavorable to him, on the issue of liability, was not arrived at in the manner in which he was entitled to have it determined.''

And:

''It remains to be determined whether there is a plain inference that the verdict on the issue of liability was in fact a compromise. The judge charged the jury that if they found for the plaintiff on the issue of the defendant's liability, then he 'would be entitled to recover the net profits he would have received had he been permitted to sell these houses and lots in accordance with the alleged contract', and that is all he did charge on the subject. As noted, the contract which the jury found to have been made, fixed the plaintiff's compensation at $200.00 a house, and there were 50 houses involved. Plaintiff testified that if he had been allowed to sell the 49 houses which were sold, his total expense would have been from $300.00 to $500.00; and that is all of the evidence there is on the subject. Hence, under the measure of damages charged by the Court and the undisputed evidence, had that and the charge been heeded, the plaintiff was entitled to between $9300.00 and $9500.-00, whereas, as said, the verdict was for $5800.00.''

And:

''The compensation fixed by the contract of $200.00 per house was prima facie the measure of damages, and the burden was on the defendant to show any matters in mitigation, assuming that rule to be applicable. *International Correspondence School* v. *Crabtree*, 162 Tenn. 70 [34 S. W. (2d) 447, 78 A. L. R. 330]. There was no effort to discharge this burden, and there is no evidence in the record upon which

the jury reasonably could have reached a conclusion with reference to the amount by which damages should be mitigated, or that they should be mitigated in any amount. For instance, as said, there was no evidence as to whether adequate performance by the plaintiff would require all of his time, and if not, what portion of it would be required. There was none as to the length of the time the plaintiff would have been occupied and no substantial evidence as to what he earned or in the exercise of due diligence could have earned within a reasonable time. Indeed, the issue of mitigation of damages vel non was not developed by the evidence at all and the case was tried on the theory that the proper measure of damages was as charged by the trial judge. There was no complaint by either party of the instruction on that subject. There was no request by either for additional instructions, or for an instruction with reference to mitigation of damages. In fixing the amount to which the plaintiff was entitled, it cannot be assumed that the jury followed a rule which was not charged by the Court and reached a conclusion without the requisite evidence to support it.

"Therefore we think the conclusion is inescapable that the verdict was a compromise. Under the law as charged by the Court and the undisputed evidence, there is no other way to account for it. Throughout the trial, the defendant hotly contested the issue as to whether he made any such contract as claimed by the defendant. In truth, that was the only issue developed by the evidence, and around it the battle raged. There is nothing to indicate that the defendant ever retreated from his position or conceded that he was liable to the plaintiff in any amount. It was

the duty of the jury to receive the charge as given by the Court and act upon it. *Wade* v. *Ordway*, 60 Tenn. 229; *McCorry* v. *King's Heirs*, 22 Tenn. 267. It was also their duty to determine the case upon the evidence given upon the trial, and that alone. *Citizen's Street Ry. Co.* v. *Burke*, 98 Tenn. 650, 40 S. W. 1085. That they failed to do the one or the other or both, is unmistakably manifested by the amount of the verdict, and, as indicated, we think there is no way to account for this except upon the theory that they compromised on the issue of liability.'' (Opinion from Court of Appeals).

■ The reason for the Court of Appeals conclusion is thus ably and succinctly stated. What is necessary for a verdict to be a compromise verdict? It was said by Cooley, J., in *Goodsell* v. *Seely*, 46 Mich. 623, 10 N. W. 44, 46, 41 Am. Rep. 183:

"It is no doubt true that juries often compromise * * * by 'splitting differences,' and that they sometimes return verdicts with which the judgment of no one of them is satisfied. But this is an abuse. The law contemplates that they shall, by their discussions, harmonize their views if possible, but not that they shall compromise, divide or yield for the mere purpose of an agreement. The sentiment or notion which permits this tends to bring jury trial into discredit and to convert it into a lottery.''

The jury should not go contrary to their convictions but they should properly give heed to the opinions of their fellow jurors, and by reasonable concessions reach a conclusion which although not originally entertained by any of them, nevertheless may be one to which all can scrupulously adhere.

In *Simmons* v. *Fish,* 210 Mass. 563, 97 N. E. 102, 105, Rugg, C. J., said:

"A verdict which is the result of real harmony of thought growing out of open-minded discussion between jurors with a willingness to be convinced, with a proper regard for opinions of others and with a reasonable distrust of individual views not shared by their fellows and of fair yielding of one reason to a stronger one, each having in mind the great desirability of unanimity both for the parties and for the public, is not open to criticism. But a verdict which is reached only by the surrender of conscientious convictions upon one material issue by some jurors in return for a relinquishment by others of their like settled opinion upon another issue and the result is one which does not command the approval of the whole panel, is a compromise verdict, founded upon conduct subversive of the soundness of trial by jury. The jury room cannot be entered in order to ascertain what has transpired there. Its deliberations are in secret, and ordinarily cannot be made the subject of testimony by jurors. (Citing authorities.) It is not infrequently possible to determine with some approximation to accuracy what went on there from the result produced.

█ It is the general rule that a party against whom a verdict for money damages is rendered in a tort action may not complain. This Court has followed this rule in *Illinois Central R. Co.* v. *Abernathey,* 106 Tenn. 722, 64 S. W. 3. In this case the plaintiff had a cow and a heifer killed by the railroad and testified as to the value of each of these animals. There was no testimony as to value contrary to that as fixed by the plaintiff. The

railroad attempted among other things to assign this as error because it was evidently a compromise verdict since the verdict was for less than the amount testified to as damages. This Court denied the railroad's claim of error with the language that it "was against the plaintiff only, it affords the defendant no legal ground of complaint". It is likewise a general rule that one against whom an award has been made in a suit for a breach of contract cannot complain that the amount of the award is inadequate. It is the usual practice of the courts in these matters of unliquidated damages to deny the defeated party the right to complain that it is a compromise verdict because the successful party should have recovered the full amount or nothing. In liquidated damage suits on notes or such matters the courts are in disagreement. The better reasoned authorities seem to us to hold that in cases of liquidated damages where the amount is fixed, suits on notes, etc., that the verdict there is clearly a compromise and should be set aside. The division on these questions is reflected in numerous cases collected from all over the United States in notes found in 31 A. L. R. 1091, 174 A. L. R. 765 and 15 Am. Jur., 665, Sec. 231.

In the case now before us the Court of Appeals concluded that this Court had clearly indicated that the rule which they adopted was put into effect by this Court in the case of *W. T. Grant Co.* v. *Tanner,* 170 Tenn. 451, 95 S. W. (2d) 926, 928. They feeling that this case controlled the question in this State no other authorities from other jurisdictions were discussed. In the *W. T. Grant Co.* v. *Tanner,* supra, this Court said:

"It is quite generally held in other jurisdictions that if from the inadequacy of damages awarded, in view of the evidence, or the conflict of evidence upon

the question of liability, or from other circumstances, plain inference may be drawn that the verdict is the result of a compromise, a new trial should be ordered upon all issues.'' (Citing authorities.)

█ The Grant case, in our estimation, is not authority for the proposition contended for here. In the Grant case the plaintiff alone appealed and the defendant did not but was willing to accept the verdict of the jury. As a matter of fact that case was reversed and remanded for a new trial because the injuries received by Mrs. Tanner in that case were so severe that the amount of the award did not compensate her for the injuries. Of course the question was presented by the defendant but these injuries complained of by her were not due to the accident of which she complained. Nevertheless the Court felt that she was either entitled to far more or to nothing and it was largely on the matter of the inadequacy of the damages that this case was reversed and remanded for a new trial and not on the fact that it was a compromise judgment. The decision of the Court of Appeals rests on the fact of their finding that the jury gave a verdict for a less sum than the plaintiff's testimony showed him entitled to and that this being true the defendant has a right to complain and to insist that the verdict was reached as a compromise. This holding of the Court of Appeals would probably be correct if it was a suit for liquidated damages and there was no issue of the amount due for the jury to consider. The Court in instructing the jury as heretofore pointed out did not instruct them that if they found for the plaintiff it would be for the whole or for nothing. This suit was for unliquidated damages for a breach of a contract. The Court of Appeals concludes and argues very forcefully that the jury could not have found, under the proof, for anything less than the whole;

that the jury either had to find for the whole or for nothing. As we see it this inference is not a necessary one from the premises. It is true that the verdict was for a less amount than that claimed but the amount might have been the result of mistake in computation, or it may have been that the jury, on their own judgment, considered portions of the plaintiff's testimony inherently improbable. Or it might be and could very logically have been that the jury felt that since the plaintiff had done all the work in acquiring the plan, arranging for finances, etc., of the houses that then he was entitled to the amount of their verdict as damages for the work thus done when the contract was breached by the defendant in taking away from the plaintiff his right of sale and compensation agreed to be paid to him for making this sale. Clearly evidence was not necessary as to what this damage had been to the plaintiff because the jury could, on their own judgment, have arrived at these damages as a jury customarily and ordinarily does in a damage suit in a tort action.

To enforce a rule as laid down by the Court of Appeals we think that it must necessarily follow that there is only one conclusion that the jury could reach, that is, that the verdict should have been for either the whole or nothing and when the jury arrives at a less figure than the whole on an unliquidated amount it cannot necessarily be said by an appellate court that it is a compromise verdict when there are probabilities and that a jury could reach a less amount. Clearly the members of the jury have a right without evidence being offered to take into consideration their judgment from their ordinary experiences in life as to what damage has been caused the plaintiff by reason of what he has shown he has done considering what everyone knows in a community as to

the probable damages thus occasioned him. It seems to us that the reasoning in a case of the kind before us should be very similar to that as used in a tort action and as applied by this Court in *Illinois Central R. Co.* v. *Abernathey,* supra.

For the reasons above expressed the judgment of the Court of Appeals is reversed and that of the trial court affirmed.