# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
### May 2000 Session

## SARAH ANITA JAMES v. SUSAN KAY SWINDELL

**An Appeal from the Circuit Court for Hamilton County**
**No. 96CV1979      L. Marie Williams, Judge**

### FILED AUGUST 23, 2000

### No. E1999-02407-COA-R3-CV

---

This appeal arises out of an automobile accident. The Defendant lost control of her vehicle, crossed three lanes of traffic, and hit Plaintiff's vehicle. Plaintiff suffered injuries and sued Defendant for damages. A jury trial ensued. The jury found Defendant to be 100% at fault and awarded $15,000 in damages to Plaintiff. The Plaintiff filed a motion for a new trial alleging juror misconduct and presented a juror's affidavit in support of her position. The Defendant untimely presented counter affidavits by jurors. The trial court judge granted a new trial based on juror misconduct. At the second trial the jury found the Defendant 100% at fault and awarded Plaintiff $27,608.60 in damages. On appeal, the Defendant claims that the trial court erred in failing to grant Defendant's motion for a directed verdict and in granting a new trial. We affirm the trial court's denial of a directed verdict for the Defendant and reverse the trial court's granting of a new trial based on juror misconduct. We remand the case to the trial court for the reinstatement of the jury verdict at the first trial.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed in Part; Reversed in Part; and Remanded**

HOUSTON M. GODDARD, P.J., delivered the opinion of the court, in which HERSCHEL P. FRANKS and CHARLES D. SUSANO, JR., JJ., joined.

Steven W. Kreitzer of Rossville, GA for the defendant-appellant, Susan Kay Swindell

William H. Horton of Chattanooga, TN for the plaintiff-appellee, Sarah Anita James

### OPINION

This cause of action arises out of an automobile accident that occurred on October 3, 1995, on Hixson Pike in Chattanooga, Tennessee. It had been raining heavily shortly before the accident. Plaintiff was driving a vehicle owned by her employer, the Electric Power Board, at the time of the accident. Plaintiff was driving south in the outside lane of a four lane highway. Defendant was traveling north in the outside lane, when she crossed three lanes of traffic and entered Plaintiff's lane of traffic. Defendant barely missed a CARTA bus, which was immediately in front of Plaintiff's

vehicle. Defendant struck Plaintiff's vehicle head on, spun, and then hit Plaintiff's vehicle again with the driver's side of Defendant's car.

After the accident, another vehicle traveling the same route as the Defendant's vehicle slid slightly in the same area where the Defendant's vehicle slid, but the vehicle remained in its lane of traffic.

Plaintiff was injured in the accident. She suffered a fractured rib and injuries to her ankle, neck, lower back and hip and underwent surgery in an effort to alleviate her back pain. She continued to have problems at the time of both the first and second trial. Due to her inability to perform her job duties after the accident, she had to change positions with her employer. She had a greater earning potential with her prior job than the new position she took. Her daily activities are limited.

She sued for damages for personal injuries she suffered in the automobile accident.

## I. ACTION OF THE TRIAL COURT

The first trial of this case was held on November 12, 1997. At the trial, the Defendant contested both liability and the amount of damages. The jury found that the Defendant was 100% at fault and awarded the Plaintiff compensatory damages of $15,000. The Plaintiff filed a motion for a new trial, or for an additur, based upon, *inter alia,* juror misconduct in that the defense counsel interjected extraneous matters during the course of the trial. In support of her motion, Plaintiff filed the affidavit of Arthur Hart averring the following:

I, Arthur I. Hart, give this affidavit of my own personal knowledge and hereby affirm as follows:

1. I am over the age of eighteen (18) and competent to testify to all matters herein.

2. I served as a juror in the trial of Sarah Anita James v. Susan Kay Swindell, Case Number 96-CV-1979, which was held in the Circuit Court of Hamilton County, tennessee on November 12 and November 13, 1997.

3. During deliberations of the jury, one of the jurors mentioned that the plaintiff, Ms. James, probably received worker's compensation benefits or other insurance benefits, which paid for her expenses and would provide for her future medical expenses.

4. I assumed the plaintiff's medical expenses and lost wages had been paid by worker's compensation insurance and that such insurance would pay for her expenses in the future.

5. I was not aware that the worker's compensation carrier had a right to be reimbursed out of any recovery that Ms. James received in the trial against Mrs. Swindell.

6. If I had been given all of the facts regarding worker's compensation and had been instructed that I should not consider the effect of worker's compensation

-2-

on the trial, it would have influenced my decision as a juror in the trial of this case.

Based upon the affidavit, the trial court granted the Plaintiff's motion for a new trial on the basis of juror misconduct in the consideration of insurance and the effect of that consideration upon the verdict of at least one juror. The Defendant appealed from the order of the trial court. This court dismissed the appeal as not being a final judgment from which a Rule 3 of the Tennessee Rules of Appellate Procedure appeal can be taken.

After the case was remanded to the trial court, the Defendant filed a motion for reconsideration of the granting of a new trial. The Defendant submitted affidavits of four jurors that while workers compensation was mentioned in the jury room, it had no impact on the juror's decision concerning the jury verdict. The trial court denied the Defendant's motion for reconsideration of its order granting a new trial.

At the second trial the jury again found that the Defendant was 100% at fault and awarded the Plaintiff $27,608.60 for compensatory damages. The Defendant then filed this appeal.

## II. ISSUES

The following issues are presented for our review by the appellant:

1.    Whether the trial court erred in failing to grant Defendant's Motion for Directed Verdict at the end of Plaintiff's proof in the first trial?

2.    Whether the trial court erred in granting Plaintiff's Motion for New Trial on the allegation of juror misconduct following the conclusion of the first trial?

## III. LAW AND DISCUSSION

Our standard of review as to findings of fact by a jury in a civil action is limited to determining whether or not there is any material evidence to support the verdict. Rule 13(d), T.R.A.P. The appellate courts do not determine the credibility of witnesses or weigh evidence on appeal from a jury verdict. Where the record contains material evidence supporting the verdict, the judgment based on that verdict will not be disturbed on appeal. Reynolds v. Ozark Motor Lines, Inc., 887 S.W.2d 822 (Tenn. 1994). A trial court's conclusions of law are subject to a *de novo review*. Campbell v. Florida Steel Corp., 919 S.W.2d 26, 28 (Tenn. 1996).

### A. Directed Verdict

The first issue addressed to us for determination is whether at the first trial, the trial court erred in not directing a verdict for the Defendant at the close of the Plaintiff's proof.

The standard to be used in determining whether a verdict should be directed has been well settled in Tennessee. Courts do not reweigh the evidence or reevaluate the witness' credibility when they rule on a T. R. Civ. P. 50 motion. Holmes v. Wilson, 551 S.W.2d 682, 685 (Tenn. 1977); Benson v. Tennessee Valley Elec. Coop., 868 S.W.2d 630, 638-39 (Tenn. Ct. App. 1993).

In ruling on a motion for a directed verdict, the court must take the strongest legitimate view of the evidence in favor of the non-moving party. In other words, the court must remove any conflict in the evidence by construing it in the light most favorable to the non-movant and discarding all countervailing evidence. The court may grant the motion only if, after assessing the evidence according to the foregoing standards, it determines that reasonable minds could not differ as to the conclusions to be drawn from the evidence. Conatser v. Clarksville Coca-Cola Bottling Co., 920 S.W.2d 646, 647 (Tenn. 1995); Eaton v. McLain, 891 S.W.2d 587, 590 (Tenn. 1994); Williams v. Brown, 860 S.W.2d 854, 857 (Tenn. 1993); Cecil v. Hardin, 575 S.W.2d 268, 271 (Tenn. 1978). The motion is granted only when the evidence can reasonably support but one conclusion. Crosslin v. Alsup, 594 S.W.2d 379, 380 (Tenn. 1980); Holmes, 551 S.W.2d at 685; Grissom v. Metro Government of Nashville, 817 S.W.2d 679, 683 n. 2 (Tenn. App.1991).

A case should go to the jury, even if the facts are undisputed, when reasonable persons could draw conflicting conclusions from the facts. Gulf, M. & O. R. R. v. Underwood, 182 Tenn. 467, 474, 187 S.W.2d 777, 779 (1945); Pettus v. Hurst, 882 S.W.2d 783, 788 (Tenn. Ct. App. 1993).

In the first trial, the Plaintiff presented her last witness, Mr. Wesley James, and rested. Defendant's counsel did not make a motion for a directed verdict at the close of Plaintiff's proof. When the Plaintiff rested as to presenting evidence, the Defendant presented Detective D. J. Iles as its witness. Before the adjournment of the court on the first day of trial, at the end of Detective Iles testimony, counsel for the Defendant moved for a directed verdict which was denied by Judge Williams.[1] The second day of the hearing, counsel presented testimony by the Defendant. The Plaintiff presented no rebuttal. Counsel did not renew his motion for a directed verdict at the close of the proof.

It is well settled in Tennessee that defendants waive their right to rely on the error of the trial judge in the denial of their motion for a directed verdict made at the end of plaintiffs' proof if they go forward with their own proof rather than resting on the motion. *See, e. g.* Seale v. Bryant, 713 S.W.2d 62, 65 (Tenn. 1986); State ex rel. Commissioner, Dept. of Transportation v. Bryant, 786 S.W.2d 944, 949 (Tenn. Ct. App. 1989). Defendants must renew their motion at the end of all the proof, or it is waived. *See, e.g.* John Gerber Co. v. Smith, 150 Tenn. 255, 263 S.W. 974 (1924); Sadler v. Draper, 46 Tenn. App. 1, 14, 326 S.W.2d 148, 154 (1959). In this instance, the Defendant did not move for a directed verdict at the end of Plaintiff's proof, nor at the end of the Defendant's

---

[1]T.R. p. 213, lines 15-18.

proof – only in the middle of Defendant's proof. While we have not found a case directly in point with the denial of a motion for a directed verdict in the middle of Defendant's proof, the court in Searle v. Bryant, 713 S.W.2d 62 at 65, in *dicta* stated that it thought it improper for the trial court to direct a verdict during the defendant's presentation of his proof, even if it was correcting its original denial of the motion at the end of plaintiff's proof. Rule 50 of the Rules of Civil Procedure provides that a "motion for a directed verdict may be made at the close of the evidence offered by an opposing party or at the close of the case." It does not provide that the Defendant may present it in the middle of his proof.

Even if the motion for a directed verdict had been presented properly, our review of the record persuades us that the record contains material evidence supporting the essential of the cause of action as claimed by the Plaintiff and that the Defendant was liable for damages for Plaintiff's personal injuries. Clearly, therefore, a directed verdict in Defendant's favor was not warranted in this case.

## B. Juror Misconduct

The next issue to be addressed is whether juror misconduct occurred at the first trial justifying a new trial. The Defendant avers that the trial court erred in granting Plaintiff's motion for a new trial on the grounds of juror misconduct following the conclusions of the first trial. We agree.

Subsequent to the jury rendering a verdict of $15,000 in favor of the Plaintiff, the Plaintiff filed the affidavit of Arthur Hart averring during the deliberations of the jury, as already set out, one of the jurors mentioned that the Plaintiff probably received worker's compensation benefits or other insurance benefits, which paid for her expenses and would provide for her future medical expenses. Additionally, he averred that he was not aware that the worker's compensation carrier had a right to be reimbursed out of any recovery that Plaintiff received in the trial against Defendant and that if he had been given all of the facts regarding worker's compensation and had been instructed that he should not consider the effect of worker's compensation on the trial, it would have influenced his decision as a juror in the trial of the case.

The admissibility of the jurors' affidavits is governed by Rule 606(b) of the Tenn. R. of Evid., which limits jurors' testimony to three areas: (1) extraneous prejudicial information being brought to the jurors attention, (2) outside influence being improperly brought to bear upon any juror, and (3) agreements made in advance to be bound by a quotient or gambling verdict. *See* Tenn. R. Evid. 606(b).[2] This Court has previously noted several "internal" influences that cannot serve as grounds

---

[2] The entire text of Tennessee Rules of Evidence, Rule 606(b) is:

(b) Inquiry Into Validity of Verdict or Indictment. Upon an inquiry into the validity of a verdict or indictment, a juror may not testify as to any matter or statement occurring during the course of the jury's deliberations or to the effect of anything upon any juror's mind or emotion as influencing that juror to assent to or dissent from the verdict or indictment or concerning the juror's mental processes, except that a juror may testify on the question of whether extraneous

(continued...)

to overturn a jury verdict include: "(1) discussions among jurors, (2) intimidation or harassment of one juror by another, (3) a juror's personal experiences not directly related to the litigation, and (4) a juror's subjective thoughts, fears, and emotions." Caldararo v. Vanderbilt University, 794 S.W.2d 738, 742 (Tenn. Ct. App. 1990).[3]

Jurors must render their verdict based on the evidence introduced at trial. *See* Citizens' St. Ry. v. Burke, 98 Tenn. 650, 653, 40 S.W. 1085, 1085 (1897); Stone v. O'Neal, 19 Tenn. App. 512, 519, 90 S.W.2d 548, 552 (1936). However, they are permitted to weigh the evidence in light of their own knowledge and experience. *See* High v. Lenow, 195 Tenn. 158, 168, 258 S.W.2d 742, 746 (1953). Thus, trial courts routinely instruct juries, as the trial court did in this case, that "you are not required to set aside your common knowledge . . . as you have the right to weigh the evidence in light of your own observations and experiences." *See* 8 Tenn. Prac. Tennessee Pattern Jury Instructions - Civil 1.15.

It is virtually impossible to shield jurors from every contact or influence that might theoretically affect their vote. Smith v. Phillips, 455 U.S. 209, 217, 102 S. Ct. 940, 946, 71 L. Ed. 2d 78 (1982). Thus, it would be unreasonable, and perhaps unwise, to expect juries to be completely sterilized and free of any external influences. The jurors' various attitudes, philosophies, experiences, and backgrounds are the "very human elements that constitute one of the strengths of the jury system." United States v. McKinney, 429 F.2d 1019, 1022-23 (5th Cir. 1970), *cert. denied*, 401 U.S. 922, 91 S. Ct. 910, 27 L. Ed. 2d 825 (1971).

Accordingly, jurors are not required to be completely ignorant about a case, and a verdict will not be overturned because of jurors' generalized knowledge of the parties or of some other aspect of the case. Government of Virgin Islands v. Gereau, 523 F.2d at 151; Garcia v. State, 777 P.2d 603, 608 (Wyo. 1989). A juror's personal experiences unrelated to the litigation are not external information. Martinez v. Food City, Inc., 658 F.2d at 374; United States v. Duzac, 622 F.2d at 913.[6] However, a juror's personal experiences directly relating to the parties or events directly involved in the litigation may be. Hard v. Burlington Northern R.R., 870 F.2d 1454, 1462 (9th Cir. 1989).

---

[2](...continued)
prejudicial information was improperly brought to the jury's attention, whether any outside influence was improperly brought to bear upon any juror, or whether the jurors agreed in advance to be bound by a quotient or gambling verdict without further discussion; nor may a juror's affidavit or evidence of any statement by the juror concerning a matter about which the juror would be precluded from testifying be received for these purposes.
Tenn. R. Evid. 606(b).

[3] In this case the jury foreman related to the other jurors information presumably acquired from his wife, a surgical nurse.

<u>Caldararo v. Vanderbilt University</u>, 794 S.W.2d at 743-744.

In <u>Strawn v. SCOA Industries, Inc.</u>, 804 S.W.2d 80 (Tenn. Ct. App. 1990), this court addressed the issue of juror misconduct supported by three jurors' affidavits. In that case, the affidavits stated that the jury discussed that the Plaintiffs would have to pay their attorney's fee out of any judgement awarded to them. The court then found that the affidavits were not competent evidence.

We conclude that the mention by a juror during deliberations in the jury room of workers' compensation is not extraneous and, therefore, the juror's affidavit is not competent evidence. Thus, we cannot consider as grounds for a new trial the Plaintiff's assertions of error that the jury based the verdict on the theory that workers' compensation had paid all or a portion of the Plaintiff's expenses. The decision of the trial court in granting a new trial is reversed.

## IV. CONCLUSION

The Plaintiff-appellee requested that this be determined a frivolous appeal. The Defendant-appellant filed an objection to the Plaintiff-appellee's request. The issue was reserved and was to be presented to us for consideration. Because this Court determined that the trial court erred in granting the motion for a new trial, we do not, of course, find that this is a frivolous appeal and the Plaintiff's request is denied.

For the foregoing reasons the trial court is affirmed in part and reversed in part. This case is remanded to the trial court for the reinstatement of the jury verdict on the first trial, for such other action deemed appropriate by the trial court, and collection of costs below, which are, as are costs of appeal, adjudged against the Plaintiff, Sarah Anita James, and her surety.

_____
HOUSTON M. GODDARD, PRESIDING JUDGE