IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
April 3, 2003 Session

## CITY OF KNOXVILLE v. LUMARI HARSHAW

**Appeal from the Circuit Court for Knox County**
**No. 1-480-01      Dale Workman, Judge**

**No. E2002-02519-COA-R3-CV**
**May 14, 2003**

While on patrol, Officer Gerald Thomas George ("the Officer") heard a "thumping bass noise" coming from a vehicle "at least 100 yards" away.  The Officer stopped the vehicle and issued a citation for violation of section 18-5 of the City of Knoxville noise ordinance ("Ordinance") to the driver, Lumari Harshaw ("Defendant").  The Trial Court found Defendant violated the Ordinance. Defendant appeals claiming the City of Knoxville ("City") failed to prove an element of the charge, specifically that the noise was "audible to a person of normal hearing sensitivity more than fifty (50) feet from [the] vehicle."  We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed.**

D. MICHAEL SWINEY, J., delivered the opinion of the court, in which HOUSTON M. GODDARD, P.J., and HERSCHEL P. FRANKS, J., joined.

Michael P. McGovern, Knoxville, Tennessee, for the Appellant, Lumari Harshaw.

Angela R. Bolton, Knoxville, Tennessee, for the Appellee, City of Knoxville.

# OPINION

## Background

On May 17, 2001, the Officer was on patrol sitting underneath a large tree on Riverside Drive when he heard a "thumping bass noise" coming from a vehicle "at least 100 yards" away. The Officer stopped the vehicle and issued Defendant, the driver of the vehicle, a citation for violation of section 18-5 of the City noise ordinance. Defendant stipulated at trial that the Officer first heard the noise from a distance of 100 yards. The City also produced evidence that Defendant had received another citation for violation of the City noise ordinance, from a different police officer, approximately fifteen minutes prior to receiving the citation at issue in this case. The City, however, produced no proof regarding the appropriate punishment for violation of the Ordinance.

The Ordinance states, in pertinent part,:

**Sec. 18-5. Noise from motor vehicle audio equipment.**

Consistent with other provisions of this chapter, and in addition thereto, no person shall use or operate any radio, tape player, record player, compact disc player or any similar device in or on a motor vehicle located on the public streets of the city, property owned by or leased to Knoxville's community development corporation, or within a public park, within a public parking lot or on any other public premise within the city, which is audible to a person of normal hearing sensitivity more than fifty (50) feet from such vehicle, . . . Words and phrases need not be discernible for said sound to be 'audible', and said sound shall include bass reverberation.

Knoxville, Tenn., Ordinance 0-507-98, § 1 (1998).

The Trial Court found that "if a police officer can hear the sound 100 yards away, there is no question that a person of average hearing could have heard this noise within 50 feet of it . . . ." The Trial Court held Defendant violated the Ordinance. Because no proof regarding punishment was presented, the Trial Court did not order Defendant to pay a fine, but only assessed Defendant costs. Defendant appeals.

## Discussion

Although not stated exactly as such, Defendant raises one overall issue on appeal: whether the evidence presented by the City was sufficient to establish a violation of the Ordinance.

Our review is *de novo* upon the record, accompanied by a presumption of correctness of the findings of fact of the trial court, unless the preponderance of the evidence is otherwise. Tenn. R. App. P. 13(d); *Bogan v. Bogan*, 60 S.W.3d 721, 727 (Tenn. 2001). A trial court's conclusions of

law are subject to a *de novo* review with no presumption of correctness. *S. Constructors, Inc. v. Loudon County Bd. of Educ.*, 58 S.W.3d 706, 710 (Tenn. 2001).

"Procedurally, cases involving violation of city ordinances [are] civil in nature. . . . They are not criminal prosecutions, but are merely penal actions having as their object the vindication of domestic regulations. They are governed by rules in civil cases . . . ." *Metro. Gov't of Nashville & Davidson County v. Allen*, 529 S.W.2d 699, 707 (Tenn. 1975) (citations omitted). *Accord, e.g., City of Chattanooga v. Davis*, 54 S.W.3d 248, 259 (Tenn. 2001). Defendant agrees that the City had the burden of proving Defendant's violation of the municipal ordinance only by a preponderance of the evidence. *See Sparta v. Lewis*, 23 S.W. 182, 184 (Tenn. 1891).

Defendant correctly argues the Ordinance contains four elements that the City has the burden of proving. Defendant then argues the City failed to produce any direct or circumstantial evidence to meet one of those elements, namely that the noise be audible to a person of normal hearing sensitivity more than fifty feet from the vehicle. Defendant argues that since the City's only witness, the Officer, did not testify he had normal hearing, and no other proof was introduced showing the Officer had normal hearing, the City failed to produce any direct evidence as to this element. Defendant also argues the City failed to produce any circumstantial evidence as to this element. Although the Officer testified he heard the sound from approximately 100 yards away, Defendant claims this evidence is not relevant to whether the sound was audible to a person of normal hearing sensitivity more than fifty feet from the vehicle. We disagree.

The Tennessee Rules of Evidence defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Tenn. R. Evid. 401. The City produced evidence that the Officer heard the sound from a distance of approximately 100 yards, six times the distance required in the Ordinance. Just as jurors "are not required to set aside [their] common knowledge . . . [and] are permitted to weigh the evidence in the light of [their] common sense, observations and experience," a trial judge when acting as the trier of fact need not suspend his or her common sense. Tenn. Pattern Jury Instructions - Civil §15.04 (1997). *See also High v. Lenow*, 258 S.W.2d 742, 746 (Tenn. 1953) (stating "[c]learly the members of the jury have a right without evidence being offered to take into consideration their judgment from their ordinary experiences in life . . . .").

We believe this evidence that the Officer heard the sound from a distance of approximately 100 yards away does tend to make the existence of the fact in question, that the sound was audible to a person of normal hearing sensitivity more than fifty (50) feet from the vehicle, more probable than it would be without this evidence. Therefore, the evidence that the Officer heard the sound from approximately 100 yards away was relevant. No evidence was produced to the contrary.

Defendant also argues that "normal hearing sensitivity" is a medical term and that the existence of "normal hearing sensitivity" is beyond the realm of knowledge of a layperson. Thus,

Defendant argues, expert opinion evidence is necessary to prove the noise was "audible to a person of normal hearing sensitivity more than fifty (50) feet from [the] vehicle." We again disagree.

The term "normal hearing sensitivity" is not defined in the Ordinance. As such, basic rules of statutory construction require us to ascertain and give effect to the intention and purpose of the legislative body as "ascertained primarily from the natural and ordinary meaning of the language used, without forced or subtle construction that would limit or extend the meaning of the language." *Carson Creek Vacation Resorts, Inc. v. State Dep't of Revenue*, 865 S.W.2d 1, 2 (Tenn. 1993). We believe the natural and ordinary meaning of this language discloses both the intention and purpose of the legislative body in enacting this ordinance. The legislative body made the policy decision that if a noise is loud enough for those individuals with normal hearing, which by the natural and ordinary meaning of the language would be the hearing ability held by a majority of the population, to hear the sound more than fifty (50) feet from the vehicle, the noise is too loud and is prohibited by the ordinance. Defendant's reply brief cites to cases from other states holding that noise levels capable of producing hearing loss are not a matter of common knowledge. While it likely is true that what noise levels are capable of producing hearing loss is not a matter of common knowledge, this contention does not apply to the instant case. The case at hand is not concerned with whether the noise heard by the Officer was capable of producing hearing loss. Rather, the instant case is concerned only with whether the noise was *audible* to a person of normal hearing sensitivity from a distance of more than fifty feet from the vehicle. Stated another way, would it be heard by most people at more than fifty (50) feet. Given the evidence presented, we find Defendant's position that expert testimony is necessary to establish whether this noise was audible to a person of normal hearing sensitivity from more than fifty (50) feet from the vehicle to be unpersuasive.

Defendant argues the Trial Court speculated the noise would be "audible to a person of normal hearing sensitivity more than fifty (50) feet from [the] vehicle," as no evidence was produced regarding the Officer's hearing capacity. The Trial Court was not required to suspend common sense. The noise was heard by the Officer from a distance six times greater than that required under the Ordinance. As already discussed, this evidence was relevant, and in the absence of any evidence to the contrary preponderates in favor of a finding that the noise was "audible to a person of normal hearing sensitivity more than fifty (50) feet from [the] vehicle."

The evidence preponderates, however slightly, in favor of a finding that the noise was "audible to a person of normal hearing sensitivity more than fifty (50) feet from [the] vehicle." The only evidence produced at trial on this issue showed the noise was audible to the Officer from a distance *six times greater* than the distance required under the Ordinance. No evidence was produced to the contrary. The evidence does not preponderate against the Trial Court's findings, and, therefore, these findings are presumed correct. As we have held this evidence is relevant because it had a tendency to make it more probable that this noise would be heard by a person of normal hearing sensitivity more than fifty (50) feet from the vehicle, and as this was the only evidence presented to the Trial Court on this issue, the City met its burden of proving this element by a preponderance of the evidence. We, therefore, hold that the evidence presented by the City was

sufficient to establish a violation of the Ordinance. We affirm the Trial Court's holding that Defendant violated the Ordinance.

## **Conclusion**

The judgment of the Trial Court is affirmed, and this cause is remanded to the Trial Court for such further proceedings as may be required, if any, consistent with this Opinion and for collection of the costs below. The costs on appeal are assessed against the Appellant, Lumari Harshaw, and his surety.

_____
D. MICHAEL SWINEY, JUDGE