GREEN et al. v. ARNOLD.—150 S. W. (2d) 1075.

Eastern Section.   December 14, 1940.

Petition for Certiorari Denied by Supreme Court, March 15, 1941.

Curtin & Haynes, of Bristol, for plaintiff in error.

W. D. Lyon and Stacy Grayson, both of Bristol, for defendant in error.

PORTRUM, J.  This suit was instituted in the Circuit Court by Mrs. D. T. Arnold against Thomas Green, doing business as the Twin

City Iron & Metal Company, for damages in the amount of $1,500 to her person and property as the result of a nuisance claimed to have been created and operated by the defendant on property adjacent to her property; the plant in question being a lead smelting plant, in which raw lead is melted from old batteries.

The defendant files a plea-in-abatement denying that he was doing business as the Twin City Iron & Metal Company, but saying the said company was a corporation; the plaintiff then amended her process and pleading to join the corporation with the defendant Green as a codefendant. Both defendants then filed demurrers which were overruled by the court. Upon the trial the plaintiff dismissed so much of her action as sought damages for personal injuries or disease growing out of the inhaling of the dust and smoke impregnated with copper fumes from the plant to avoid a continuance.

At the conclusion of the introduction of all the evidence, both defendants moved for a directed verdict, and the court sustained the motion as to the Twin City Iron & Metal Company, Incorporated. The jury returned a verdict in favor of the plaintiff and against the defendant Thomas Green in the sum of $400. A motion for a new trial was made and overruled, and an appeal in error prayed and granted.

The first assignment of error is that the court erred in failing to direct a verdict in favor of the defendant. The defendant is engaged in breaking up and smelting old storage batteries used in automobiles. He does business in Bristol, Tennessee, but he went to a remote section of the county fifteen miles away from Bristol, purchased a tract of land up the hollow, above and adjacent to the land of the plaintiff, and constructed his smelting plant. This plant throws off a great volume of smoke and copper fumes, which falls and kills a great part of the vegetation on the plaintiff's land, settling upon the fruit trees and fruit thereon, forming a film upon the cistern water and drinking water in the buckets used in the house, and permeating the house both day and night with smoke and fumes which are detrimental to health, causing headache, and perhaps other serious injury, interfering with the sleep of the occupants, and destroying their comfort while awake, as well as destroying the full usability of the plaintiff's home upon a 25-acre tract of land, where she has lived for a long time and raised a large family of children. These facts appear from the testimony, and the photographs exhibited as evidence in the case.

There can be little doubt but what this condition created a nuisance, either permanent or temporary, and the facts show that the plant was not negligently operated, therefore the nuisance was a permanent nuisance.

But it is argued that there is no proof of the correct measure of damages, viz., the market value of the land before the creation of the nuisance and its value after the creation. And the plaintiff

having failed to prove the correct measure of damages, there is no evidence to support the verdict and the motion for a directed verdict should have been sustained. There is a volume of evidence showing the condition and usability of the land before and after the creation of the nuisance, one witness stating that it had no market value after the creation of the nuisance; in effect, stating that it was worthless. There was no exception to this evidence because not responsive to the measure of damages, but it was competent evidence making up the judgment upon which the witness would base his opinion of the market value, both before and after the creation of the nuisance. The defendant, at the outset of the trial, as is reflected by the record, was aware of the correct measure of damages, yet he did not attempt to adduce proof to establish this measure and overcome the plaintiff's evidence which forms the basis of the opinion of the market value. Land is not a commodity of a fixed market value, no two acres being of the same intrinsic value; market value, as is demonstrated in condemnation suits, is a question to be determined by the jury from their own knowledge and the opinion of the witnesses as to the market value, taken in connection with the other proven circumstances of value. The jury had sufficient facts and evidence from which it could determine the depreciation of this tract of land to form a basis for the jury's opinion of its market value, which supports the $400 recovery. But if this evidence did not reflect the true standard of value, the court from the record can readily determine that the plaintiff has suffered $400 in damage in depreciation of the market price of her land, and the error is not affirmative and prejudicial which would justify this court, under the statute, to reverse and remand. The court overrules the first assignment.

The second assignment reads: "It was error for the court to overrule the demurrer filed by the plaintiff-in-error. This was error because the grounds of said demurrer were well taken. The declaration sought recovery both on the theory of a temporary and permanent nuisance, which is not permissible under the law. The plaintiff must elect on which theory to base her cause of action."

██ ██ Only upon the trial can the plaintiff determine whether or not the plant was operated negligently or with due care, which fact established the temporary character or the permanent character of the nuisance. These facts are known by the defendant. To avoid an experimentation by bringing one suit for temporary injury and then another for permanent injury if necessary, it is permissible for the plaintiff to join both in one declaration under such a count. And had the demurrer been directed to the declaration upon the theory that it joined both causes of action within one count, the trial judge would have directed the separation of the causes of action by directing the filing of separate counts. The demurrer contained no grounds requiring an election, or calling the necessity of an election to counsel

or the court. And at no time was the plaintiff called upon to elect by a motion of the defendant. It is premature to require the plaintiff to elect at the outset by a demurrer, and it is only when the proof is adduced that she can intentionally elect; it is conceded that the case was tried upon the theory that the nuisance was a permanent nuisance, and it follows that her failure to elect, if necessary, in nowise prejudices the right of the defendant. The case of Terminal Co. v. Lellyett, 114 Tenn., 368, 85 S. W., 881, only lays down the rule that upon a second trial, after a remand, whether to claim temporary recurring damages or permanent injury, in view of the developed facts in that case, and the rule has no application here.

The third assignment of error is that the verdict is excessive. The plaintiff has lived in her home for thirty-five years, is a widow, and has raised a family; her dwelling house as shown by the photographs is a comfortable dwelling, taking its apparent value in connection with the 25 acres of land, which has yielded to her a living, and the now usability of the land and home, it is hardly debatable but what she has sustained damages to the extent of $400, which was the verdict of the jury.

The fourth and last assignment of error reads as follows: ''The court erred in instructing the jury as follows: 'And if you find in favor of the plaintiff and against the defendant, then it becomes your duty to assess and fix the amount of the recovery. If you find in favor of the plaintiff you will assess the damages, and in assessing damages to the value of real estate, you will look to the difference between the fair cash market value before and after the erection of the plant, or before and after the injuries complained of. You may also look, among other things, to such damages as may have occurred to the use of the plaintiff's property as her residence or home, taking into consideration in such assessment, the discomfort, annoyance, etc., which she may have suffered from smoke or fumes, if any; and you may look to any damage that may have occurred to her crops or to her trees, etc.—to the crops on her trees and the crops on her ground, all as it appears by a preponderance of the evidence in the case, not to exceed the amount sued for.'

''This is not a correct statement of the law applicable to this case, and was misleading and prejudicial. This instruction, so far as it undertook to instruct with reference to the major damages, was clearly erroneous, because under the law applicable to a case of this nature the sole and only measure of damages would be the difference between the fair market value of the plaintiff's land before and after the creation of the nuisance. Furthermore, there was no evidence upon which to base this instruction, and it permitted the jury to assess damages both on the basis of a permanent nuisance or of a temporary nuisance, with many improper items set out as to the temporary nuisance.''

72

■ This charge is confusing and not clear, but giving it a fair construction it is not technically erroneous, for the jury might apply it as given and reach a correct verdict. If the jury considered and assessed the damage to the crops and the comfort of the home in lieu of and as equivalent to interest upon the recovery from the date of the injuries and did not allow an amount in excess of the interest, then the verdict would have been responsive to a correct charge. We refer again to the statute (Code, sec. 10654) prohibiting this court from reversing for an erroneous charge unless affirmative prejudicial error results therefrom. It is readily seen that the plaintiff suffered $400 damage to her home and real property in depreciation of the value of the property and that no affirmative prejudicial error resulted from the charge.

Four hundred dollars is a sum of great value to the plaintiff since she is a poor woman, and the defendant in carrying on his profitable business has caused the injury, and he is not in a position to insist upon technical errors for a reversal and the consumption of the plaintiff's entire recovery, hereafter obtained, in the payment of costs. In this case the cost in the lower court is $377.54, and if the verdict reflects her damage and she is required to pay the cost because of an error she is not responsible for, then her recovery is consumed in the cost and the law has furnished her no redress for her serious injuries sustained at the hands of the defendant. There is no prejudicial reversible error in the record, and the judgment of the lower court is affirmed, with costs.

Ailor and McAmis, JJ., concur.