Velma **BENSON,** Plaintiff-Appellant,

v.

**H.G. HILL STORES, INC.,**
**Defendant-Appellee.**

Court of Appeals of Tennessee,
Middle Section, at Nashville.

Aug. 20, 1985.

Application for Permission to Appeal
Denied by Supreme Court,
Oct. 28, 1985.

Thomas Travaglini, Madison, Thomas Watson, Nashville, for plaintiff-appellant.

John P. Branham, Eugene J. Honea, Howell, Fisher, Branham & North, Nashville, for defendant-appellee.

## OPINION

TODD, Presiding Judge, Middle Section.

The plaintiff, Velma Benson, has appealed from a directed verdict for the defendant, H.G. Hill Stores, Inc., in a suit for personal injuries sustained in a fall on defendant's premises.

On appeal, issues presented by plaintiff are as follows:

1. Whether the trial court erred in granting the Defendant's Motion for Directed Verdict when the Plaintiff had introduced evidence from which it could be inferred that the Defendant had actual or constructive notice of the dangerous condition.

2. Whether, in light of recent Court of Appeals decisions, a Plaintiff injured in a slip and fall accident in a self-service supermarket had the burden of proving, prior to a directed verdict, that the Defendant had actual or constructive notice of the dangerous condition.

Plaintiff testified that she was in defendant's store late at night near closing time; that she saw no other customers in the store; that she was walking "by the front check-out lanes near the front door" when she slipped and fell on wet floor wax; that the wax stained her white pants; and that the area of her fall was in plain view of two store employees who had just received payment for her purchases and placed them in a sack.

The Trial Judge stated orally his reasons for directing a verdict in the following language:

THE COURT: If she wants to use that allegation, that is, in fact, wax, there should be some corroborating testimony of some kind.

....

THE COURT: I know, but when you have the burden of proof, you have to have corroboration.

....

THE COURT: ... The charge that I give the jury in every one of these cases is that if the plaintiff is entitled to a verdict, they must show not only that an

unreasonably dangerous condition of the premises caused her injury, but also that the defendant knew of the unreasonably dangerous condition prior to the plaintiff's injury long enough for the defendant to have corrected the condition or that the condition had existed for a sufficient length of time, that the defendant in the exercise of reasonable care, should have known of it's existence and corrected it....

Now, that's the charge I give the jury.

....

THE COURT: ... [T]here's no proof in the record at all as to how it got there, how long it had been there. And these are elements that have to be taken into consideration. And the burden of proving those elements, Mr. Doty, is on the plaintiff.

....

THE COURT: You're telling me the same thing over and over again. But there is no corroboration. There's just— proof is just not there....

....

THE COURT: ... [T]he Court is holding what I put in the record. That there's no proof to show how long it was there, really what it was, whether the defendant had a chance to know about it, whether the defendant could have removed it, and all those things. And in the absence of any proof at all, sir, I just have no alternative but to direct a verdict and that's what I'm going to do.

This Court is not aware of any rule of law requiring corroboration of plaintiff's testimony in a negligence case. It is noted, however, that, in his final statement of his reasons, the Trial Judge rested his decision upon the lack of evidence to show actual or constructive notice to defendant of the condition which caused plaintiff's injury.

■ The plaintiff in a negligence case has the burden of showing by a preponderance of the evidence (1) a duty owed to the plaintiff by the defendant, (2) a breach of that duty and (3) injury to the plaintiff proximately resulting from such breach of duty. *Noland v. Freeman*, 53 Tenn.App. 644, 385 S.W.2d 310 (1964).

■ Plaintiff in a negligence case must include in his evidence in chief a prima facie showing of duty, breach of duty and resultant injury; and a failure to do so will subject him to dismissal at the close of plaintiff's evidence. However, this initial burden differs from the ultimate burden in that it does not require a preponderance of evidence, but only evidence of sufficient substance to support a finding in favor of the plaintiff.

■ A verdict may be directed for the defendant only if there is no material evidence in the record which would support a verdict for the plaintiff. On considering a defendant's motion for directed verdict, the court is required to take the strongest legitimate view of the evidence in favor of the plaintiff, including all reasonable inferences in the plaintiff's favor, and to disregard any evidence to the contrary. *Walker v. Associates Commercial Corp.*, Tenn.App. 1983, 673 S.W.2d 517, and authorities cited therein.

There is no question that plaintiff presented a prima facie case of duty to her by showing that she was an invitee on defendant's business premises, and of an injury from a condition of the premises.

■ A business proprietor has a duty to exercise reasonable care and to maintain his premises in a reasonably safe condition for his invitees. *Haga v. Blanc & West Lumber Co., Inc.*, Tenn.1984, 666 S.W.2d 61 and authority cited therein.

■ The measure of the liability of possessors of land to invitees is due care under all the circumstances, including opportunity to know and avoid existing or probable dangers and any and all other factors which would challenge attention to the probability of danger, and to utilize such precautions as a prudent person would utilize under the same or similar circumstances. *Zang v. Leonard*, Tenn.App. 1982, 643 S.W.2d 657.

The only debate on this appeal is whether plaintiff presented prima facie evidence that her injury resulted from the negligence of defendant, that is, a violation of defendant's duty to exercise due care for the safety of plaintiff.

■ Before an owner or operator of a premises can be held liable for negligence in allowing a dangerous or defective condition to exist on the premises, it must have been created by the owner or operator or his agent or, if the condition was created by someone else, there must be actual or constructive notice on the part of the owner or operator that the condition existed prior to the injury. *Jones v. Zayre, Inc.,* Tenn.App.1980, 600 S.W.2d 730, and authorities cited therein.

■ .Facts may be inferred from circumstantial evidence, and an inferred fact may be the basis of a further inference to the ultimate or sought-for fact. *Stinson v. Daniel,* 220 Tenn. 70, 414 S.W.2d 7 (1967); *Young v. Reliance Electric Co.,* Tenn.App. 1979, 584 S.W.2d 663.

■ In a civil case depending upon circumstantial evidence, it is sufficient for a party having the burden of proof to make out the more probable hypothesis, and the evidence need not arise to that degree of certainty which will exclude every other reasonable conclusion. It is only necessary for the plaintiff to present proof which, if believed by the jury, makes plaintiff's theory of the case more probable than the theory of the defendant. *Tennessee Liquefied Gas Corp. v. Ross,* 60 Tenn.App. 648, 450 S.W.2d 587, 41 A.L.R. 3rd 769.

The salient circumstances presented by the plaintiff's testimony are as follows:

1. The time: 11:30 P.M.

2. Persons present: no other visible customers, two employees of defendant stationed a few feet from the injury.

3. The place: the entrance/exit vestibule of the store where customers exit after paying for purchases.

4. The condition: a slick floor due to the presence of wet liquid wax.

■ Jurors are forbidden to consider any fact in the case which may be personally known to any one of them. *Citizens Street Railway Co. v. Burk,* 98 Tenn. 650, 40 S.W. 1085 (1897). However, in selecting the most probable inference to draw from a set of circumstances, the jury is permitted to draw upon and consider its general personal knowledge and experience which is common to the populace in general. *High v. Lenow,* 195 Tenn. 158, 258 S.W.2d 742 (1953); *Associates Commercial Corp. v. Francisco,* Tenn.App.1983, 667 S.W.2d 481; *Murray v. Grissim,* 40 Tenn.App. 246, 290 S.W.2d 888 (1956); *De Rossett v. Malone,* 34 Tenn.App. 451, 239 S.W.2d 366 (1951); *Green v. Arnold,* 25 Tenn.App. 67, 150 S.W.2d 1075 (1941).

■ Facts relating to human life, health and habits, and management and conduct of businesses which are of common knowledge may be judicially noticed. See authorities annotated in 9 Tenn.Dig. Evidence §§ 14, 20. Such matters may be properly considered by a jury in its determination of the inferences to be drawn from proven circumstantial facts.

In the present case, the jury would be entitled to consider the various inferences to be drawn from the proven facts and to determine which in its judgment is the most probable. The jury is not permitted to speculate as to which of two equally probable inferences is applicable, but such is not the situation in the present case.

A reasonable jury, from its everyday (and night) experience and observation would be justified in considering its knowledge that wet wax is dangerous and is not ordinarily found on the floor of trade establishments where patrons are allowed to walk; that wet wax is applied to floors by trade establishments themselves as a maintenance procedure; that customers are warned and excluded from areas of wet wax until it is dry and safe; and that liquid wax may be accidentally spilled on the floor of a grocery store if the container is dropped or otherwise ruptured. It is doubtful that common knowledge and expe-

rience includes any other occasion for wet wax on the floor of a grocery store.

The jury would therefore be entitled to reason that wet wax on a grocery store floor was there because it was placed or spilled there by an employee, or spilled there by a customer. Without going further, the jury would be entitled to reason that the first mentioned inference was more probable and to conclude accordingly.

However, if the jury should not be reasonably satisfied that the first inference represented the true fact, the jury might proceed with its reasoning under this supposition that the two inferences were equally probable. In this event, the alternative inferences would produce the same result.

If the wax was applied or spilled by an employee, the defendant was thereby charged with knowledge of the dangerous situation and was negligent in failing to warn or protect plaintiff. If the wax was present because of an accidental spillage by a customer, then the proven presence of two employees a few feet from the scene could, to the minds of a reasonable jury, produce an inference that the spillage was observed or should have been observed by employees of defendant, thereby producing notice or constructive notice of the danger. Such notice would require immediate action to warn customers of the dangerous situation.

If it be said that there is no evidence that the particular two employees were on duty at the time of the possible spillage by a customer, the response is that the area was one where perforce at least one employee would be stationed at any time the store was open in order to be sure that customers paid for their purchases before going through the adjacent door.

It is conceivable that some leakage from a package could occur as a customer left the store in such a quiet and unobtrusive manner as to escape the notice of employees. The ordinary experience of man indicates that this is highly improbable, especially the spillage of such a quantity of wax as is described by plaintiff. Ordinary experience would indicate that the accidental spillage of such a quantity of wax would occur under circumstances which would command attention from any employee within sight or hearing.

Thus, the projection of the only two reasonably probable inferences from the circumstances produces a basis for finding negligence on the part of defendant.

Defendant-appellee has cited a number of authorities which are readily distinguishable in the light of the foregoing:

In *Stringer v. Cooper*, Tenn.App.1972, 486 S.W.2d 751, the general area of the injury was not open to the general public and was accessible only to defendant's employees. This Court held that an inference arises that the dangerous condition was caused by the employees of defendant, and plaintiff need not show how long the condition existed. The latter holding is applicable to the present case if an inference be drawn that the wax was spread or spilled by defendant's employees. The injury occurred in the area most used by the public and in close proximity to the place where two employees were stationed.

In *Paradiso v. Kroger Company*, Tenn. App.1973, 499 S.W.2d 78, plaintiff's leg "scraped against a piece of metal projecting from a display rack near the check-out line". In the present case, there is common knowledge that employees regularly put wet wax on floors of grocery stores. There is no common knowledge that employees regularly cause a piece of metal to project from a display rack. It is equally probable that the rack was damaged by a customer or an employee, and a selection between two equally probable inferences is not permissible. Moreover, the projection was in the area where customers operate shopping carts and remove goods from display shelves. In the present case, the plaintiff had passed the checkout counter beyond which customers only carry their packaged purchases.

In *Jones v. Zayre, Inc.*, supra, the plaintiff fell while walking in a shopping aisle because of a small plastic clothes clip on the floor. Again, the area of injury was that where customers engage in more activity than employees, there is no common knowledge that stores put plastic clothes clips on their floors for maintenance, and the scene was not in sight and sound of regularly stationed employees.

In *Atkins v. City Finance Company*, Tenn.App.1984, 683 S.W.2d 331, the plaintiff slipped and fell on a plastic runner on the floor. There was no evidence of anything dangerous about the plastic runner except that it was "turned up three or four inches when her foot got caught in it". There was no evidence that defendant's employees "turned up" the runner or that it had been "turned up" long enough to charge defendant with notice. There was no permissible inference that defendant's employees "turned up the runner" in the course of maintenance or that the turning up of the runner by a customer would be evident to an employee stationed at the scene.

Plaintiff requests this Court to recognize a special rule for "self service" enterprises. The rules heretofore cited are adequate to do justice in accordance with the circumstances.

Defendant relies upon the fact that plaintiff was unable to see the wax on the floor before she slipped, as exonerating defendant's employees from failing to see it. The disposition of this appeal is not based upon any failure to see the wax, but the visibility of the event which caused the wax to be present.

The judgment of the Trial Court is reversed. Costs of this appeal are taxed against the defendant. The cause is remanded to the Trial Court for retrial.

Reversed and remanded.

LEWIS, and KOCH, JJ., concur.