980 F.2d 730
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Louise B. MARTIN, Plaintiff-Appellant,
v.
K-MART CORPORATION, Defendant-Appellee.
 No. 92-5546.
 United States Court of Appeals, Sixth Circuit.
 Dec. 9, 1992.
 
 Before MERRITT, Chief Judge, and RALPH B. GUY, Jr. and RYAN, Circuit Judges.
 
 ORDER
 
 1
 The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not necessary. Fed.R.App.P. 34(a). In addition, counsel for all parties have waived oral argument in this case.
 
 
 2
 Louise B. Martin appeals the judgment on a directed verdict for K-Mart Corp. in this negligence diversity action which was removed from the Circuit Court for Davidson County, Tennessee. Martin tripped on a floor mat when entering a K-Mart store and was injured. After allowing both sides to present evidence, the court entered a directed verdict for K-Mart.
 
 
 3
 On appeal, Martin argues that the court erred in entering a directed verdict in that she presented sufficient proof that the floor mat was defective; that defendant had constructive, if not actual, notice of such condition by virtue of the presence of employees in close proximity to the mat; and, alternatively, that the defendant's method of operation in employing a door greeter to engage the attention of customers as they entered the store created an unreasonably dangerous condition where the floor mat was "torn up," pleated at the edges, and subject to slippage due to the absence of rubber backing.
 
 
 4
 This court's standard of review of a motion for directed verdict in a diversity action is the same as the standard of review for a directed verdict of the state whose substantive law governs the action. Roysdon v. R.J. Reynolds Tobacco Co., 849 F.2d 230, 236 (6th Cir.1988), overruled on other grounds, Cippollone v. Liggett Group, Inc., 112 S.Ct. 2608 (1991). In Tennessee, the court must take the strongest legitimate view of the evidence in favor of the plaintiff, allow all reasonable inferences to be drawn therefrom in her favor, discard all countervailing evidence and deny the motion if there is any doubt as to the conclusions to be drawn from the whole evidence; a verdict should only be directed if reasonable minds could draw but one conclusion. Roysdon, 849 F.2d at 236; Goode v. Tamko Asphalt Prods., Inc., 783 S.W.2d 184, 187 (Tenn.1989). In order to meet the burden of proof necessary to avoid a motion for directed verdict at the conclusion of all the proof in a negligence trial, the plaintiff is required to present evidence of sufficient substance to support a finding in her favor as to a duty owed by the defendant to the plaintiff, a breach of that duty, and a resultant injury. Benson v. H.G. Hill Stores, Inc., 699 S.W.2d 560, 562 (Tenn.App.1985).
 
 
 5
 It is ORDERED that the judgment of the district court be, and it hereby is, affirmed. Rule 9(b)(3), Rules of the Sixth Circuit. This court has reviewed the transcript and determined that the burden of proof was not met in this case and the district court did not err in granting a directed verdict.