IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
May 13, 2003 Session

## EMMA B. JOHNSON v. KNOX COUNTY BOARD OF EDUCATION and KNOX COUNTY, TENNESSEE

**Direct Appeal from the Circuit Court for Knox County**
**No. 02-013202      Hon. Dale C. Workman, Circuit Judge**

---

**No. E2003-00248-COA-R3-CV**
**June 30, 2003**

---

Plaintiff Johnson slipped and fell where water was in school's hallway.  Defendants were granted Judgment on ground they had no notice of condition of hallway. We reverse and remand.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Circuit Court Reversed and Remanded.**

HERSCHEL PICKENS FRANKS, J. delivered the opinion of the court, in which HOUSTON M. GODDARD, P.J., and CHARLES D. SUSANO, JR., J., joined.

John P. Dreiser and J.  Anthony Farmer, Knoxville, Tennessee, for Appellant.

Martha Haren McCampbell, Deputy Law Director, Knoxville, Tennessee, for Appellee.

**OPINION**

Plaintiff slipped and fell on water in the school's hallway and sustained injuries.  She brought this action against defendant, charging that the slick hallway constituted a dangerous condition which "was a dangerous condition negligently allowed to be caused by defendant and/or its agents, by failing to stop flooding in a nearby restroom."  After hearing the evidence, the Trial Court dismissed plaintiff's action, saying "I don't think there is notice to the County that there is any defective condition in that hallway . . . ".

Plaintiff testified that on September 17, 2001, she was teaching reading during the

next to last period of the day, and at the beginning the class period a girl asked to go to the bathroom and came back and reported that it was "really flooding", whereupon plaintiff checked the bathroom and the floor was covered with water and the sink was stuffed with paper towels and the water had been left running. She testified she turned off the faucet, returned to her classroom, and called the school secretary who thanked her for her call, and told her that the bathroom's condition had already been reported. At the end of the class period, approximately 45 minutes later, plaintiff was required to monitor the children in the hallway as they left to catch their school bus. She testified the restroom was located diagonally across the hall from her classroom, and that when she was returning to her classroom to dismiss the remaining students she fell on the wet floor. She testified she did not notice the floor was wet until after she fell and that the hallway was eight to ten feet wide and she was halfway across the hallway when she fell. She testified that the hall was a tile-like surface, and that when she had checked the restroom, she had on her tennis shoes, and the water on the floor would have come to the top of the rubber sole of her tennis shoe. She testified that when she was monitoring the hall, she had changed into her "leaving shoes, which were more slippery. They were the leather bottom shoes." Plaintiff testified, without objection, that the water on the floor could have been tracked there, or could have run out of the bathroom, because it was so deep.

The Trial Court acknowledged in his memorandum that "she calls the office and the office tells her, Yeah, we've been told that there's a problem". However, the defendant offered no evidence that the "problem" was corrected prior to plaintiff's fall.

The issue on appeal is whether the Trial Court erred in finding that defendant had no notice of the dangerous condition that caused plaintiff's fall.

The controlling provisions of the Governmental Tort Liability Act, more specifically Tenn. Code Ann. §29-20-204, provides:

> (a) Immunity from suit of a governmental entity is removed for any injury caused by the dangerous or defective condition of any public building, structure, dam, reservoir or other public improvement owned and controlled by such governmental entity.
>
> (b) Immunity is not removed for latent defective conditions, nor shall this section apply unless constructive and/or actual notice to the governmental entity of such condition be alleged and proved in addition to the procedural notice required by § 29-20-302.

It was not alleged that the condition which existed was latent;[1] rather, it was alleged

---

[1] Even though defendant tries to make much of the fact that plaintiff did not see the water in the hallway (among throngs of students hurriedly leaving school, no less), this would not render the condition latent in any way, because a "latent" condition has been defined as one which is "hidden or concealed", or which could not be discovered even by a reasonable inspection. *Hawks v. City of Westmoreland*, 960 S.W.2d 10 (Tenn. 1997).

that the condition was dangerous. Thus, the issue is whether the defendant had actual or constructive notice of the dangerous condition.

There is no dispute that defendant had actual notice of the dangerous condition in the bathroom. The condition had been reported to someone in authority. *See, e.g.*, *Pool v. City of Jackson*, 23 S.W. 57 (Tenn. 1893). Further, the Supreme Court has defined "actual notice" as "knowledge of facts and circumstances sufficiently pertinent in character to enable reasonably cautious and prudent persons to investigate and ascertain as to the ultimate facts." *Kirby v. Macon County*, 892 S.W.2d 403, 409 (Tenn. 1994). The report of a dangerous condition placed the burden of investigation upon the defendants to ascertain the extent of the problem.

Here the plaintiff testified that she notified the school office of the flooding condition in the bathroom, and was told that they were already aware of it, and approximately one hour later she fell in water in the hallway near the bathroom. This proof was undisputed by the defendant, as defendant did not show that the water had been cleaned up or even investigated. While defendant argues that plaintiff merely proved the existence of water in the bathroom, and failed to prove that this water seeped into or was tracked into the hallway, such fact may be inferred from the evidence. *See Benson v. H.G. Hill Stores, Inc.*, 699 S.W.2d 560 (Tenn. Ct. App. 1985). As this Court has recognized:

> In a civil case depending upon circumstantial evidence, it is sufficient for a party having the burden of proof to make out the more probable hypothesis, and the evidence need not arise to that degree of certainty which will exclude every other reasonable conclusion. It is only necessary for the plaintiff to present proof which, if believed by the jury, makes plaintiff's theory of the case more probable than the theory of the defendant.

*Id*. at 563.

The Trial Court based its Judgment on the fact that plaintiff had knowledge of the bathroom flooding situation, and that plaintiff observed no problem in the hallway when she was conducting bus duty. He reasoned that defendant did not have superior knowledge because plaintiff knew as much about the condition as the defendant did. Nothing in this statute requires that the defendant have superior knowledge, it only requires that defendant have notice. While superior knowledge has been discussed in case law, it is mainly dealing with issues of constructive notice as opposed to actual notice, and only as it impacts on comparative negligence. *See Coln v. City of Savannah*, 966 S.W.2d 34 (Tenn. 1998); *Bragg v. Metropolitan Gov't of Nashville*, 1997 WL 803707 (Tenn. Ct. App. Dec. 30, 1997).[2]

The record does not establish how long defendant had actual notice of the dangerous condition in the bathroom, although it was a longer period of time than when plaintiff first reported

---

[2]Defendants did not plead comparative fault as a defense in their Answer.

it to the office. On the evidence, we hold that defendant had actual notice of the dangerous condition, did not investigate the condition, and defendant's negligence in not timely correcting the dangerous condition was the proximate cause of plaintiff's fall and injuries.

We remand to the Trial Court for the purpose of awarding plaintiff damages for her personal injuries resulting from the fall.

The cost of the appeal is adjudged to the defendant, Knox County Board of Education and Knox County, Tennessee.

_____
HERSCHEL PICKENS FRANKS, J.