IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs July 1, 2024

## XIAOHUA JIANG v. KEVIN FURNESS d/b/a PREMIUM AUTO REPAIR

**Appeal from the Circuit Court for Davidson County**
**No. 19c1836  Thomas W. Brothers, Judge**

_____

**No. M2023-01554-COA-R3-CV**

_____

The pro se plaintiff asserted claims against the defendant for negligence and violations of the Tennessee Consumer Protection Act, alleging faulty repair work on her vehicle. After the plaintiff presented her proof at a jury trial, the defendant moved for a directed verdict on all claims. The trial court granted the motion, finding that the plaintiff failed to present enough evidence to establish a prima facie case to show that the defendant was negligent or violated the Tennessee Consumer Protection Act. As such, the plaintiff's claims were dismissed. The plaintiff appeals. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed and Remanded**

CARMA DENNIS MCGEE, J., delivered the opinion of the court, in which D. MICHAEL SWINEY, C.J., and W. NEAL MCBRAYER, J., joined.

Xiaohua Jiang, Nashville, Tennessee, pro se.

Steven G. Fuller, Goodlettsville, Tennessee, for the appellee, Kevin Furness d/b/a Premium Auto Repair.

## OPINION

### I. FACTS & PROCEDURAL HISTORY

We begin by noting that Xingkui Guo, the husband of current plaintiff, Xiaohua Jiang, instituted this lawsuit by filing a civil warrant in general sessions court. Plaintiff Xiaohua Jiang was eventually substituted as the real party in interest as the owner of the vehicle at issue in this litigation. For clarity, we will simply refer to "Plaintiff" throughout

this opinion.

Plaintiff's pro se civil warrant alleged two claims against Kevin Furness d/b/a Premium Auto Repair. First, it alleged "Deceptive Advertising," citing various provisions of the Tennessee Consumer Protection Act, Tenn. Code Ann. § 47-18-101, *et seq*. Second, it asserted negligence by Mr. Furness in his repair of Plaintiff's vehicle. The civil warrant contains a notation indicating that the case was dismissed after trial. Plaintiff then appealed to circuit court.

In circuit court, Plaintiff filed a motion to set a trial date and a "Motion for Directed Verdict," accompanied by numerous exhibits. The circuit court subsequently held a pretrial conference and entered a pretrial order, explaining that a Rule 50.01 motion for a directed verdict may be made at the close of the evidence offered by an opposing party or at the close of the case, and therefore, Plaintiff's motion was untimely. The circuit court noted that Plaintiff's motion did not comply with Rule 56, so the court had determined that it was not appropriate to consider it as one for summary judgment. Consequently, Plaintiff's motion for a directed verdict was denied without prejudice. This same order scheduled the case for a jury trial.

A jury trial was held on October 23, 2023, and both parties appeared pro se. At the conclusion of Plaintiff's proof, Mr. Furness moved for a directed verdict, which the trial court granted. For the negligence claim, the trial court explained that, "even taking the strongest legitimate view of the evidence in Plaintiff's favor," she still failed to carry her burden of showing that Mr. Furness was negligent. The trial court explained that Plaintiff's theory of liability was that Mr. Furness used the wrong part when repairing her vehicle. The trial court noted that Plaintiff did not present any expert testimony to show that Mr. Furness's work on her vehicle was improper or negligent or that the turbocharger part at issue was improperly installed or the wrong part. Viewing the evidence that was presented in Plaintiff's favor, the court found that "[t]he only connection shown by Plaintiff was a temporal coincidence between Defendant's work and Plaintiff's alleged damages." Thus, the trial court concluded that Plaintiff had not presented sufficient proof to show causation to establish a prima facie case of negligence.

Next, the trial court considered Plaintiff's TCPA claim for violation of Tennessee Code Annotated section 47-18-104(b)(6), which states that it is an unlawful or deceptive act to represent "that goods are original or new if they are deteriorated, altered to the point of decreasing the value, reconditioned, reclaimed, used or secondhand[.]" The trial court explained that Plaintiff presented evidence at trial in the form of an invoice from Mr. Furness, which stated that the part used in the repair work was new. The trial court acknowledged that Plaintiff "also attempted to present evidence" to show that the part Mr. Furness used was reconditioned and "not actually new," but the trial court had excluded this evidence on the basis of hearsay. The trial court explained that the excluded evidence could not be considered by the court when deciding the motion for a directed verdict. The

court also noted that Plaintiff presented no expert proof to show that the part was somehow deteriorated, altered to the point of decreasing its value, reconditioned, reclaimed, or secondhand, within the meaning of the statute. Thus, the trial court concluded that Mr. Furness was entitled to a directed verdict on this TCPA claim.

Finally, the trial court addressed Plaintiff's claim for deceptive acts or practices under the TCPA "based on her belief that the name of Defendant's business, Premium Auto Repair, was misleading." The trial court found that Plaintiff made no showing at trial of any causal connection between the name of the business and her claim for damages. Therefore, it found that Mr. Furness was entitled to a directed verdict on this TCPA claim as well. All of Plaintiff's claims were accordingly dismissed. Plaintiff timely filed a notice of appeal to this Court.

## II. ISSUES PRESENTED

Plaintiff presents the following issues for review on appeal:

(1) Whether the trial court erred in granting Defendants' motion for directed verdict;
(2) whether the Plaintiff presented enough evidence to create an issue of fact for a jury to resolve.
(3) Whether the Plaintiff presented sufficient facts to constitute a prima facie case regarding Defendants' liability.
(4) Whether an expert witness testimony is necessary in this case.

For the following reasons, we affirm the decision of the circuit court.

## III. DISCUSSION

At the outset, we must address the state of Plaintiff's pro se brief on appeal, particularly with respect to her failure to cite to the appellate record. Tennessee Rule of Appellate Procedure 27 governs the content of briefs and provides, in pertinent part:

> **(a) Brief of the Appellant.** The brief of the appellant shall contain under appropriate headings and in the order here indicated:
> ...
> (6) A statement of facts, setting forth the facts relevant to the issues presented for review *with appropriate references to the record*;
> (7) An argument, which may be preceded by a summary of argument, setting forth:
> (A) the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities and *appropriate references*

- 3 -

*to the record* (which may be quoted verbatim) relied on[.]

...

**(g) Reference in Briefs to the Record.** Except as provided in rule 28(c), reference in the briefs to the record shall be to the pages of the record involved.

(emphasis added). In addition, "internal rules of the intermediate appellate courts state that no trial error will be considered on appeal if briefs do not cite pages of the trial record where the alleged error occurred." Tenn. R. App. P. 27, Adv. Comm'n Cmt. Specifically, Rule 6 of the Rules of the Court of Appeals of Tennessee provides, in relevant part:

(a) Written argument in regard to each issue on appeal shall contain:

(1) A statement by the appellant of the alleged erroneous action of the trial court which raises the issue and a statement by the appellee of any action of the trial court which is relied upon to correct the alleged error, with citation to the record where the erroneous or corrective action is recorded.

(2) A statement showing how such alleged error was seasonably called to the attention of the trial judge with citation to that part of the record where appellant's challenge of the alleged error is recorded.

(3) A statement reciting wherein appellant was prejudiced by such alleged error, with citations to the record showing where the resultant prejudice is recorded.

(4) A statement of each determinative fact relied upon with citation to the record where evidence of each such fact may be found.

(b) *No complaint of or reliance upon action by the trial court will be considered on appeal unless the argument contains a specific reference to the page or pages of the record where such action is recorded. No assertion of fact will be considered on appeal unless the argument contains a reference to the page or pages of the record where evidence of such fact is recorded.*

(emphasis added).

We note that the appellate record contains a CD-ROM recording of the proceedings in the trial court filed pursuant to Supreme Court Rule 26, § 3.01. In such cases, the applicable rules provide the following procedure to be used on appeal:

**4.01. References to Electronic Recordings.** The provisions of Rule 27, Tennessee Rules of Appellate Procedure, shall apply except that reference to a volume of the trial record which is an electronic recording shall be to volume number, month, day, year, hour, minute and second at which the reference begins as recorded on the recording. (For example: "Vol. 2, 10/27/92; 02:24:05p".) If the recording covers only a single day, the month, day and year may be omitted.

**4.02. Optional Appendix to Briefs.** Rule 28, Tennessee Rules of Appellate Procedure, allows the optional filing of an appendix to a party's appellate brief. Thus, in any case in which the trial court proceeding was electronically recorded pursuant to this Rule 26, a party may include in an appendix a transcript of the evidence or any portion thereof. There shall appear, however, at the beginning of each segment of evidence so transcribed, and at intervals of not greater than ten minutes of court time, a cross-reference to the electronic recording which corresponds to that point of the transcription. (See the example set out in Section 4.01 for the format of such cross-references.)

Tenn. Sup. Ct. R. 26 §§ 4.01, 4.02.

Here, Plaintiff filed a pro se brief on appeal that spans 38 pages but contains only isolated references to the appellate record. Her statement of the case and statement of the facts do not contain a single citation to the appellate record. Mr. Furness notes this deficiency in his brief, stating that he "objects to Appellant's Statement of Facts found in Appellant's Brief in that no stated alleged facts are cited to the record on appeal before this Court but, rather, are Appellant's opinions cloaked as factual assertions arguing and or asserting facts that are not properly a part of the record and before this court."

The argument section of Plaintiff's brief does contain some limited citations to the appellate record. However, it is important to note that Plaintiff does *not* cite to *any* of the testimony presented during the jury trial, nor does she attempt to reference the record at all in connection with what occurred at the jury trial. We will briefly summarize the few types of citations to the appellate record utilized by Plaintiff.

First, Plaintiff cites the three exhibits that were presented by her during the jury trial. Thus, we will consider these exhibits in the context of resolving Plaintiff's issues on appeal regarding whether the trial court erred in granting the motion for directed verdict. Next, Plaintiff cites to the location in the technical record of *her* pretrial motion for a directed verdict, which the trial court denied without prejudice, and the various exhibits that were attached to it. Plaintiff attempts to portray these exhibits as proof that supported her claims, as she argues that these documents constituted "evidence presented by Plaintiff . . . sufficient for creating a legal issue for a jury to decide[.]" However, we cannot consider these exhibits in the technical record as proof, as they are attached to a pretrial motion for directed verdict rather than exhibits from trial. Finally, Plaintiff cites to the location in the technical record of a subpoena and to a few pages from a deposition. We will consider these documents to the extent that they are relevant. However, any arguments that are not supported by citations to the appellate record are waived. *See, e.g.*, *Gates v. Switzer*, No. M2021-01552-COA-R3-CV, 2023 WL 6296290, at *3 (Tenn. Ct. App. Sept. 27, 2023) ("Wife's arguments on issues four, five, and nine fail to include any citations to the record

and are therefore waived pursuant to Rule 27 and Rule 6.”); *Little v. City of Chattanooga*, 650 S.W.3d 326, 348, 352-53 (Tenn. Ct. App. 2022) (deeming various issues waived for failure to cite to the record and explaining that “this Court is not charged with the responsibility of scouring the appellate record for any reversible error the trial court may have committed”) (quotation omitted); *Cnty. of Sumner v. Kalbes*, No. M2020-01119-COA-R3-CV, 2021 WL 4192319, at *2 (Tenn. Ct. App. Sept. 15, 2021) (“[O]ur courts have routinely held that the failure to make appropriate references to the record as required by Rule 27(a)(7) constitutes a waiver of the issue.”) (quotation omitted).[1]

With these limitations in mind, we now turn to the substantive issues raised on appeal. The Tennessee Supreme Court has described the standards that apply when reviewing a decision on a motion for a directed verdict:

> “A motion for a directed verdict may be made at the close of the evidence offered by an opposing party or at the close of the case.” Tenn. R. Civ. P. 50.01. Appellate courts must conduct a de novo review of a trial court's ruling on a motion for a directed verdict, applying the same standards that govern the trial court’s determination. *Brown v. Crown Equip. Corp.*, 181 S.W.3d 268, 281 (Tenn. 2005) (citing *Gaston v. Tenn. Farmers Mut. Ins. Co.*, 120 S.W.3d 815, 819 (Tenn. 2003)). For a directed verdict to be appropriately granted, the evidence must be “susceptible to only one conclusion.” *Id.* (citing *Childress v. Currie*, 74 S.W.3d 324, 328 (Tenn. 2002)). If “reasonable minds could ... differ as to the conclusions to be drawn from the evidence,” the motion must be denied. *Eaton v. McLain*, 891 S.W.2d 587, 590 (Tenn. 1994). On appeal, courts must take the strongest legitimate view of the evidence in favor of the non-moving party, disregarding all countervailing evidence. *Brown*, 181 S.W.3d at 281; *Gaston*, 120 S.W.3d at 819.

*Lake v. Memphis Landsmen, LLC*, 405 S.W.3d 47, 67 (Tenn. 2013). “A motion for directed verdict requires the trial court to determine whether, as a matter of law, the evidence is sufficient to create an issue for the jury to decide.” *Dickson v. Kriger*, No. W2013-02830-COA-R3-CV, 2014 WL 7427235, at *3 (Tenn. Ct. App. Dec. 30, 2014) (quoting *White v. Vanderbilt Univ.*, 21 S.W.3d 215, 231 (Tenn. Ct. App. 1999)).

“A trial court may direct a verdict where the plaintiff’s evidence fails to establish a prima facie case.” *Spann v. Abraham*, 36 S.W.3d 452, 462 (Tenn. Ct. App. 1999). Thus,

---

[1] For instance, Plaintiff’s brief quotes two sentences from what she describes as a “publication” called “‘TRANSPORT PROBLEMS’ 2013, Volume 8 Issue 2.” Her brief states that the trial court “allowed [her] to read this paragraph,” although she does not cite to any location in the record to support this assertion. From our review of the record, this treatise was referenced by Plaintiff during oral argument on the motion for directed verdict. In the absence of any citation to the record to show that this treatise was presented as proof at trial, we will not consider it as evidence.

"[u]nder Rule 50 of the Tennessee Rules of Civil Procedure, to circumvent a motion for a directed verdict, the nonmoving party must present enough evidence to establish a prima facie case on every element of its case." *Messerli v. Williams*, No. E2018-01807-COA-R3-CV, 2019 WL 4464261, at *2 (Tenn. Ct. App. Sept. 18, 2019); *see also Goree v. United Parcel Serv., Inc.*, 490 S.W.3d 413, 429-30 (Tenn. Ct. App. 2015) (explaining that "the nonmoving party must present some evidence on every element of its case—enough evidence to establish at least a prima facie case"). A claim for negligence requires the plaintiff "to establish, among other things, that the conduct complained of . . . was the cause in fact of the [p]laintiff[']s injuries." *Lake*, 405 S.W.3d at 67. Accordingly, for a negligence claim, the plaintiff must include, in his or her evidence, a prima facie showing of causation, and a failure to do so will subject him or her to a motion for directed verdict. *See Kellon v. Lee*, No. W2011-00195-COA-R3-CV, 2012 WL 1825221, at *5 (Tenn. Ct. App. May 21, 2012); *Benson v. H.G. Hill Stores, Inc.*, 699 S.W.2d 560, 562 (Tenn. Ct. App. 1985).

We note, however, that "this initial burden differs from the ultimate burden in that it does not require a preponderance of evidence, but only requires *any* material evidence in the record to support a verdict for the plaintiff[.]" *Kellon*, 2012 WL 1825221, at *5 (quotations omitted). Thus, "the plaintiff does not bear the burden of proving all elements of his claim by a preponderance of the evidence at the directed verdict stage." *Dickson*, 2014 WL 7427235, at *3 (citing *Kellon*, 2012 WL 1825221, at *5). "The trial court does not consider the preponderance of the evidence upon a motion for directed verdict; but . . . whether there was any *material evidence* to support a verdict." *Jones v. Noel*, 204 S.W.2d 336, 338 (Tenn. Ct. App. 1947) (emphasis added). As such, a directed verdict is proper when "no material evidence exists on one or more elements that the non-moving party must prove." *Goree*, 490 S.W.3d at 430 (citing *Brown v. Christian Bros. Univ.*, 428 S.W.3d 38, 50 (Tenn. Ct. App. 2013)). "Whether the trial court should have directed a verdict presents [the appellate court] with the legal question of whether material evidence was introduced on every element sufficient to create a jury issue." *Id.* (quoting *Brown*, 428 S.W.3d at 50). Stated differently, we must decide "whether the plaintiff has presented sufficient evidence to create an issue of fact for the jury to decide." *Twenty Holdings, LLC v. Land S. TN, LLC*, No. M2018-01903-COA-R3-CV, 2019 WL 4200970, at *6 (Tenn. Ct. App. Sept. 5, 2019) (citing *Burton v. Warren Farmers Co-Op.*, 129 S.W.3d 513 (Tenn. Ct. App. 2002)). To survive the motion for directed verdict, the plaintiff must have presented "some evidence from which a reasonable juror could find all the required elements of the plaintiff's cause of action." *Wortham v. Kroger Ltd. P'ship I*, No. W2019-00496-COA-R3-CV, 2020 WL 4037649, at *6 (Tenn. Ct. App. July 16, 2020).

In her brief on appeal, Plaintiff argues that she presented sufficient evidence, in the form of her three trial exhibits, to withstand the motion for directed verdict at the jury trial. At the outset, we note that exhibit number three appears in the record but was marked with the notation "ID." As previously discussed, the trial court specifically noted in its final order that Plaintiff "attempted to present evidence" regarding the part at issue, but it

- 7 -

"consisted of hearsay and was excluded by the Court pursuant to the Tennessee Rules of Evidence," so it "cannot be considered by the Court on a Motion for Directed Verdict." Our review of the record confirms that the trial court excluded exhibit three and marked it for identification only. Thus, like the trial court, we cannot consider the third exhibit presented at trial because it was excluded on the basis on hearsay. *Cf. Williams v. Brown*, 860 S.W.2d 854, 857 (Tenn. 1993) (concluding that certain evidence was not admissible and then reviewing "the remaining evidence in the record" to determine whether a directed verdict was appropriate); *Cardwell v. Bechtol*, 724 S.W.2d 739, 754 (Tenn. 1987) (finding that the trial court did not err in granting a motion for directed verdict on the issue of malpractice because, at the close of the plaintiff's proof, "no admissible expert testimony existed on the record" regarding the standard of care).

The first exhibit that was admitted at trial was Plaintiff's window sticker from her vehicle at the time of purchase. Plaintiff argues on appeal that this sticker establishes the vehicle manufacturer, model, year, engine size, and VIN number. She notes that the window sticker identified the vehicle as a Saab "2011 9-5 TURBO4  SEDAN . . . ENGINE 2.0L. Next, Plaintiff relies on trial exhibit number two, which was the bill or invoice she received from Mr. Furness at Premium Auto Repair. She notes that this invoice contained a heading at the top for "Vehicle Info" with the typed notation "2009 Saab 9.5"  It also stated:

| Description | Quantity/Hours | Price/Rate | . . . | Amount |
|---|---|---|---|---|
| R&R Tubo | 4.00 | $85.00 | | $340.00 |
| New Tubo | 1.00 | $498.00 | | $498.00 |
| Coolant | 1.00 | $18.99 | | $18.99 |
| . . . | | | | |
| | | | Total | $936.26 |

Taken together, Plaintiff argues that these exhibits prove that Mr. Furness "obtained the incorrect auto components" for her vehicle. Specifically, she argues that the invoice "misidentified" her vehicle as a 2009 Saab instead of a 2011 Saab, which, she claims, proves that Mr. Furness "utilized the incorrect year to obtain[] the auto part[.]"

To survive a motion for directed verdict, Plaintiff had to introduce evidence during her case in chief to establish a prima facie case of negligence against Mr. Furness. This means that she had to introduce "material evidence" to establish causation. *See Goree*, 490 S.W.3d at 430. Again, in analyzing Plaintiff's claim for negligence, the trial court found that "even taking the strongest legitimate view of the evidence in Plaintiff's favor," she had not presented "sufficient proof to show causation" and establish that Mr. Furness was negligent. The court noted that there was no expert testimony to show that the work was improper or negligent, or that "the wrong part was used" or the turbocharger "was improperly installed." The trial court found that the "only connection shown by Plaintiff"

was the temporal proximity between the work and her alleged damages. Thus, the trial court found that Plaintiff had not presented sufficient proof of causation to establish a prima facie case of negligence.[2]

Plaintiff insists that she provided material evidence in the form of the trial exhibits. Taking the strongest legitimate view of the evidence in favor of Plaintiff, we conclude that it is susceptible to only one conclusion, and reasonable minds cannot differ as to the conclusions to be drawn from the evidence. *Lake*, 405 S.W.3d at 67. A reasonable juror could not find causation from this window sticker and repair bill. *See Miller v. Beaty Lumber, Inc.*, No. M2007-00253-COA-R3-CV, 2007 WL 4523098, at *4 (Tenn. Ct. App. Dec. 20, 2007) ("Reasonable minds could only draw but one conclusion that there is absolutely no evidence of a causal connection . . . . Absent pure speculation, there is no evidence what, if any, negligent conduct caused the accident . . . The plaintiff's evidence must go beyond mere speculation that the defendant's conduct caused the harm."); *Robbins v. Memphis Little Theatre Players*, No. 02A01-9601-CV-00018, 1997 WL 585743, at *1, *5 (Tenn. Ct. App. Sept. 23, 1997) (affirming the grant of a motion for directed verdict based on a lack of evidence of causation where "the evidence was insufficient to permit the jury to find that the Theatre caused the alleged dangerous condition"); *Stone v. K-Mart, Inc.*, No. C.A. 134, 1989 WL 109479, at *2 (Tenn. Ct. App. Sept. 20, 1989) ("The inferences pointed out by the Plaintiff upon which a jury could infer negligence, even if taken as true for purposes of a directed verdict, simply do not rise beyond the level of pure speculation. We realize that to withstand a motion for a directed verdict a plaintiff need not meet the burden of preponderance of the evidence, but by the same token there must be some material evidence beyond speculation or guess work."). Plaintiff therefore did not establish a prima facie case in the trial court, and the trial court did not err in granting Mr. Furness's motion for directed verdict on the negligence claim. [3]

---

[2] On appeal, Plaintiff cites various legal authorities regarding the tort of negligent misrepresentation. However, she does not cite to any location in the record to show that a cause of action for negligent misrepresentation was asserted in the trial court. *See, e.g.*, *Grogan v. Uggla*, 535 S.W.3d 864, 869 (Tenn. 2017) (concluding that a plaintiff's complaint "fairly raise[d] both negligent misrepresentation (by way of his allegation that the defendant home inspector failed to report negligent construction) and ordinary negligence (by way of his other allegations that amount to a claim that the defendant home inspector negligently performed the inspection)"); *Littleton v. TIS Ins. Servs., Inc.*, No. E2014-00938-COA-R3-CV, 2015 WL 443740, at *2 (Tenn. Ct. App. Feb. 3, 2015) (observing that the plaintiffs asserted "separate causes of action" for "negligence" and "negligent misrepresentation").

[3] We note that the trial court's order explained that the only connection Plaintiff showed was the temporal proximity between the work on her vehicle and her damages, and Plaintiff had "not established a prima facie case of her claim." This is the correct standard for a motion for directed verdict. However, the court also stated that "even taking the strongest legitimate view of the evidence in Plaintiff's favor, the Court find[s] that Plaintiff has failed to carry her burden to show Defendant was negligent by a preponderance of the evidence." This statement reflects an incorrect standard. *See Dickson*, 2014 WL 7427235, at *3.

"Appellate courts must conduct a *de novo* review of a trial court's ruling on a motion for a directed verdict, applying the same standards that govern the trial court's determination." *Twenty Holdings, LLC*, 2019 WL 4200970, at *6. On appeal, we have determined that no material evidence was presented to

Next, we consider Plaintiff's TCPA claim under Tennessee Code Annotated section 47-18-104(b)(6), which states, "The following unfair or deceptive acts or practices affecting the conduct of any trade or commerce are declared to be unlawful and in violation of this part: . . . Representing that goods are original or new if they are deteriorated, altered to the point of decreasing the value, reconditioned, reclaimed, used or secondhand[.]" Again, Plaintiff argues on appeal that she presented sufficient material evidence to support this claim based on the trial exhibits. She argues that the window sticker and invoice show that Mr. Furness "fraudulently asserted the reconditioned turbocharger as 'New' condition" because "[t]he invoice stated 'New Tubo' while it is a reconditioned Turbo." However, as the trial court found, Plaintiff "attempted to present evidence to show the turbocharger was not actually new and had been reconditioned," but that evidence was excluded. Thus, we are left with the invoice introduced as exhibit two, which simply states that the turbocharger was new. The trial court further noted that Plaintiff presented no expert proof to show that the turbocharger that was installed was "somehow deteriorated or altered to the point of decreasing the value, reconditioned, reclaimed, or secondhand," within the meaning of the statute. Ultimately, the court found that Plaintiff had failed to establish a prima facie claim pursuant to section 47-18-104, entitling Mr. Furness to a directed verdict. We agree and affirm the trial court's ruling on this issue.

Plaintiff also complains on appeal that Mr. Furness "had no evidence to refute Plaintiff's allegations" at trial and did not have an expert to "testify in court to prove that the turbocharger he purchased would work on Plaintiff's 2011 Saab 9-5." However, it was Plaintiff's burden to present material evidence in support of her claims, and the trial court directed a verdict at the close of Plaintiff's proof due to her failure to meet that burden. Thus, she cannot complain about the lack of evidence presented by Mr. Furness.[4]

---

establish the essential element of causation for a prima facie case of negligence. As such, the trial court's misstatement is harmless. *See Kellon*, 2012 WL 1825221, at *6 ("Appellants first argue that comments made by the trial court demonstrate a misinterpretation of the standard of proof required to show causation, as well as an improper weighing of the evidence . . . [E]ven with these misstatements by the trial court, the burden remains on the Appellants to present expert testimony . . . that SMC's breach of duty was more likely than not the cause in fact of Mrs. Kellon's injuries. Accordingly, if there is no such evidence in the record, the misstatements by the trial court [regarding the directed verdict standard] were harmless."); *Jenkins v. Brown*, No. M2005-02022-COA-R3CV, 2007 WL 4372166, at *8 (Tenn. Ct. App. Dec. 14, 2007) (agreeing with the appellants that the trial court applied an incorrect legal standard when granting a Rule 50.02 motion for judgment notwithstanding the verdict when it stated that the plaintiffs "failed to prove, by a preponderance of the evidence," their claim, but "notwithstanding this error, we can address the question . . . using the correct standards" and determine if "the trial court reached the correct result even if its reasoning was flawed").

[4] Plaintiff also argues in her brief on appeal that Mr. Furness "failed to provide Plaintiff with the 12-month warranty for turbocharger replacement." However, the only citation to the record she provides in support of this assertion references Mr. Furness's deposition, in which he testified that he "guarantee[s] everything one year," and although it was not printed "on the paper" it was "printed on the wall."

- 10 -

Next, Plaintiff argues that the "ultimate issue" of whether using the wrong turbocharger could damage an engine can be answered "based on case law" due to this Court's decision in *Godwin Aircraft, Inc. v. Houston*, 851 S.W.2d 816, 818 (Tenn. Ct. App. 1992). Plaintiff cites this Court's discussion of the testimony of a mechanic who had inspected an airplane in that case and testified that "parts of the turbo charger and exhaust system were cracked and missing and exhaust gasses had scarred the left engine support beam which could cause the engine to fail." *Id.* Plaintiff argues that her car had "the same issues." She also cites a federal case that involved a "grain combine powered by a turbo-charged diesel engine." *See Wheeler v. John Deere Co.*, 935 F.2d 1090, 1094 (10th Cir. 1991). Plaintiff similarly attempted to present caselaw regarding turbochargers to the trial court during her argument on the motion for directed verdict. The trial judge observed that these cases demonstrated the weakness in Plaintiff's case because those cases involved expert testimony by a mechanic regarding turbochargers, while Plaintiff had no such proof and merely suggested a "coincidental" connection based on timing and her speculation. We agree with the trial judge that Plaintiff could not rely on this "testimony" that was not presented at the jury trial in this case.

Finally, Plaintiff presents an issue regarding whether expert testimony was necessary in this case. She argues that her negligence claim, regarding the repair of a vehicle, was within the knowledge of ordinary jurors. Again, however, Plaintiff attempts to rely on the excluded exhibit number three in an effort to show that this was a simple case of ordering the wrong model year part, which she characterizes as an "obvious mistake." We cannot consider the excluded evidence. The other two exhibits she cites, the window sticker and the invoice, simply do not show any "obvious mistake" by Mr. Furness. The only other evidence Plaintiff cites is a single question from Mr. Furness's deposition in which he was asked if he had ever replaced a turbocharger on another Saab car and replied, "Just yours[.]"

We note that the trial court did not impose any mandatory requirement of expert testimony at trial such that Plaintiff was prevented from presenting proof of negligence in the form of lay testimony and exhibits. During the pretrial conference with both of the pro se litigants, Plaintiff explained her theory of negligence, and Mr. Furness made it clear that he intended to testify that he performed the work correctly. The trial judge advised Plaintiff that if her theory was that Mr. Furness installed the wrong part and this caused damage to her engine, and Mr. Furness, as a mechanic, testified that this was untrue, then Plaintiff would need an opinion from someone else to testify in order to combat Mr. Furness's testimony. At trial, however, the only witnesses called by Plaintiff were Plaintiff's husband and Mr. Furness.[5]

---

[5] During his testimony, Mr. Furness acknowledged that the bill he gave to Plaintiff incorrectly identified her vehicle as a 2009 Saab rather than a 2011 model year. However, he testified that he was aware that the vehicle was a 2011, he did not mistakenly think it was 2009, and he ordered the necessary part not from the information listed on the invoice but from the information on the tag on the original turbocharger inside the vehicle. Thus, he testified that the turbocharger he ordered was for a 2.0L model

- 11 -

In dismissing the negligence claim, the trial court did not flatly rely on the absence of expert testimony and dismiss the claim outright. Instead, the court found that "even *taking the strongest legitimate view of the evidence* in Plaintiff's favor," the "only connection" she showed was a "temporal coincidence" between Mr. Furness's work and her alleged damages. (emphasis added). The court did note that Plaintiff did not present expert testimony to show that the turbocharger was improperly installed or the wrong part. However, it ultimately concluded that she had not presented sufficient proof to show causation and establish a prima facie case for negligence. Thus, we interpret the trial court's ruling to mean that Plaintiff failed to prove causation with *any* evidence, expert or not. We agree with this conclusion. *See Steele v. Primehealth Med. Ctr., P.C.*, No. W2015-00056-COA-R3-CV, 2015 WL 9311846, at *5-6 (Tenn. Ct. App. Dec. 22, 2015) (concluding that a trial court erred to the extent that it held expert testimony regarding a sidewalk was mandatory, but proceeding to consider the trial court's additional finding that the lay testimony presented was also insufficient to establish that a dangerous condition existed).

## IV. CONCLUSION

For the aforementioned reasons, the decision of the circuit court is hereby affirmed and remanded. Costs of this appeal are taxed to the appellant, Xiaohua Jiang, for which execution may issue if necessary.

_____

CARMA DENNIS MCGEE, JUDGE

---

9-5. When asked if he had any "evidence" to prove that he ordered the right part, he explained that it would not fit otherwise.